Davidson vs. Rountree.

DAVIDSON, Respondent, vs. ROUNTREE, Appellant.

*October 17 — November 1, 1887.*

*Counterclaim for taxes paid.*

A defendant cannot avail himself, in an action for a trespass upon land, of a counterclaim for taxes thereon paid by him while he was in possession and believed himself to be the owner. Such a counterclaim is given by secs. 3096, 3100, R. S., only in actions of ejectment.

APPEAL from the Circuit Court for *Grant* County.

The action is trespass *quare clausum fregit* by *Davidson,* respondent. The complaint alleges that the plaintiff is the owner in fee of certain lands, therein described, in Grant county, and that on December 1, 1881, the defendant, with force and arms, broke and entered into and upon said lands, and cut and carried away, and converted to his own use, certain trees and timber thereon standing and growing, to the damage of the plaintiff, etc.

The defendant answered, denying that the plaintiff is the owner of the lands in question, and admitting that he cut certain timber on said lands, and removed the same therefrom, when he was in possession, and believed himself to be the owner of the land. The answer then contains a counterclaim for the amount of taxes paid thereon by the defendant for several years before the action was commenced, and interest on such amount. The plaintiff interposed a demurrer to such counterclaim, alleging, as grounds thereof, (1) that it does not state facts sufficient to constitute a cause of action; and (2) that the cause of action stated therein is not pleadable as a counterclaim to the action. The circuit court sustained the demurrer, and this appeal is by the defendant from the order in that behalf.

The cause was submitted for the appellant on the brief of *Carter & Cleary,* and for the respondent on that of *A. W. & W. E. Bell.*

For the appellant it was argued that the object of the plaintiff in this action was to try the title to the land in question, and he brought it in this form, instead of ejectment, in order to defeat the defendant's right to the counterclaim set up by him. Our courts have frequently allowed the question of title to be litigated in actions of trespass, though the complaints did not allege possession in the plaintiff. *Wilson v. Henry*, 35 Wis. 241; *S. C.* 40 id. 594; *Stephenson v. Wilson*, 37 id. 482; *Wadleigh v. Marathon Co. B'k*, 58 id. 546; *Hungerford v. Redford*, 29 id. 345; *Austin v. Holt*, 32 id. 478; *Winchester v. Stevens Point*, 58 id. 350; *Pomeroy v. M. & C. R. Co.* 16 id. 640; *Ford v. Chi. & N. W. R. Co.* 14 id. 609; *Card v. Sheb. & F. du L. R. Co.* 46 id. 625. The statute (sec. 3096) does not limit the right of recovery by defendant for taxes paid to actions of *ejectment*, but gives it "in every case where a recovery shall be had of any land." By sec. 2600, R. S., the distinctions between the forms of action are abolished, and the counterclaim should be allowed in an action for trespass as well as in one of ejectment, where the same substantial result is attained.

For the respondent it was contended that such a counterclaim was by statute allowable only in an action of ejectment. The counterclaim allowed by sec. 2656, R. S., must be in itself a complete cause of action, on which the defendant might sue the plaintiff. At common law, one who had been ousted from the possession of land by the true owner could not sue the latter for taxes paid by him; and no further right in that respect is given by our statute than is expressed therein. *Oberich v. Gilman*, 31 Wis. 496; *Thomas v. Rewey*, 36 id. 329; *Scott v. Reese*, 38 id. 636; *P. L. Mining Co. v. Sydnor*, 39 id. 600; *Hills v. Laporte*, 40 id. 114.

LYON, J. By pleading the counterclaim under consideration, the defendant seeks to obtain, in this action of trespass, the benefit of secs. 3096–3100, R. S., commonly designated the "Betterment Law." Unless he can maintain

his counterclaim under those sections, he cannot maintain it at all, for there is no rule of the common law which can be successfully invoked to uphold his claim. *Oberich v. Gilman*, 31 Wis. 497; 2 Kent's Comm. 334. A perusal of the sections of the statute above cited will show conclusively that such a claim can only be made in an action of ejectment. This is too plain to require any analysis or discussion of the statute. The circuit court properly sustained the demurrer to the counterclaim.

*By the Court.*— Order affirmed.

