Prickett vs. Muck.

PRICKETT, Respondent, vs. MUCK, Appellant.

*March 16 — April 25, 1889.*

*(1) Evidence of marriage: Action to establish title to land: Who may maintain: Estoppel: Common source of title. (2) Recording acts: Bona fide purchaser: Burden of proof. (3) Action, at law or in equity? (4) Recovery for improvements.*

1. One P—— devised land held under school-land certificates to the plaintiff, subject to a right of possession by the widow during widowhood. The widow, who was executrix of the will, made an affidavit that the testator died intestate leaving her his only heir, and thereby obtained a patent for the land, and conveyed the same to one who conveyed it to the defendant. In an action to annul the patent and conveyances and establish plaintiff's title, *held:*

(1) Evidence that the widow described herself, in said affidavit

and in her deed, and signed said papers, as " Mary M. T——, née P——," together with her admissions, is sufficient to sustain a finding that she had remarried.

(2) The plaintiff, as reversioner, could maintain the action even if the widow had remained single.

(3) It might be shown that the widow's affidavit for a patent stated that the certificates belonged to the testator and that she claimed as his heir; and the defendant, claiming under the patent so obtained, could not dispute the testator's title.

2. Although the will of P—— was not recorded, the defendant, having purchased with actual notice thereof, is not entitled to protection unless he shows affirmatively that his grantor (the widow's grantee) purchased in good faith and for a valuable consideration.

3. The patent having given to the widow the apparent legal title of record, and some of the facts making such title inequitable and fraudulent as against the plaintiff not being of record, he might maintain an equitable action to establish his right.

4. The counterclaim for improvements allowed by secs. 3096-3100, R. S., is available only in an action of ejectment, and not in an equitable action to establish title.

APPEAL from the Circuit Court for *Shawano* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action is brought for the purpose of having a patent from the state, and certain deeds of forty acres of land described, declared null and void, and to have the plaintiff adjudged to be the owner thereof in fee with the right of possession, with a prayer for general relief. A demurrer to the complaint on the grounds of (1) a defect of parties defendant, in the omission of Mary Margaret Prickett, (2) of the improper union of several causes of action, and (3) the failure to state facts sufficient to constitute a cause of action, having been overruled, the defendant answered by a general denial, and thereafter by an amended answer to the effect, in addition to such general denial, by way of counterclaim, that the defendant purchased the land of one Elizabeth Forney, January 6, 1882, in good faith, and paid $350, and received a deed from said Forney therefor; and

that he had made valuable improvements thereon, and paid $31.02 taxes. The plaintiff replied to such counterclaim by general denial.

Upon the trial the court found as matters of fact, in effect, that September 16, 1875, one Richard Prickett was, and for a long time prior thereto had been, the owner in fee and in possession of the land by virtue of school-land certificates theretofore issued to him by the commissioners of the public lands of this state; that during that time he was a married man, and one Mary Margaret Prickett was his wife; that on the day and year last named said Richard Prickett, in Maple Grove in Shawano county, Wis., made, executed, and published his last will and testament, set forth in the complaint, wherein he gave and bequeathed all his personal property to his said wife, Mary Margaret (who was therein appointed executrix), and also gave to the plaintiff, James Prickett, said forty acres of land which he so held by said certificates, but that the said James was not to have the possession thereof so long as his said wife remained single and unmarried; that November 6, 1876, said Richard Prickett died at said Maple Grove; that February 19, 1877, said will was duly proved and admitted to probate in the county court of Shawano county, and said Mary Margaret appointed executrix thereof, and she thereupon qualified and entered upon her duties as such; that said order or judgment admitting said will to probate had never been appealed from; that said will was thereupon duly recorded in the office of the county judge of Shawano county, but was not recorded in the register's office of that county; that said Richard Prickett paid all interest and taxes which became due on said land up to the time of his death to the state treasurer, as required by said certificates, and never allowed the same to become forfeited, and he continued to own the certificates to the time of his death; that after the death of said Richard all the interest and taxes that became

due on said lands were paid to said state treasurer, as required by law; that May 10, 1878, said Mary Margaret intermarried with one Toule; that after said marriage she neglected and refused to surrender to the plaintiff said certificates or the possession of said land, or to carry out the trusts imposed in her by the will; that on or about May 20, 1881, said Mary Margaret and others made certain affidavits as set forth in the complaint, and therein and thereby falsely and fraudulently represented that said Richard died intestate and without issue, leaving her, the said Mary Margaret, his only heir at law, and that his estate had never been administered upon; and that she then and there paid the amount due to the state upon said certificates, and asked that a patent for said land be issued to her as such legal heir, and in her name as such widow; that April 30, 1882, the said commissioners issued and delivered a patent of said land to her as such widow, and that the same was so procured through perjury and fraud; that June 6, 1882, said Mary Margaret made, executed, and delivered a warranty deed of said land to one Elizabeth Forney; that November 6, 1882, said Elizabeth Forney made, executed, and delivered to the defendant herein a warranty deed of said land, and the defendant has been in the actual possession of said land ever since, and that he has ever since received all the rents and profits therefrom, and made some improvements thereon; that at the time of the execution and delivery of said deed from said Forney to this defendant, and for a long time prior thereto, the defendant knew said land had been devised to the plaintiff by said will and that said will had been duly proved and admitted to probate in said county court as aforesaid; that all the material allegations of the complaint were true.

And as conclusions of law the court found, in effect, that all the title to said land so conveyed to the defendant was held by him in trust for the plaintiff; that the defendant

was not entitled to any compensation whatever for the improvements made thereon by him; that the defendant should be ordered to convey all his right, title, and interest in said land to the plaintiff; that the defendant and all persons claiming by, through, or under him, should be perpetually enjoined and restrained from setting up any title to said land by virtue of said patent or the title from said Mary Margaret under which he claims in hostility to the plaintiff's title; that the plaintiff should recover of and from the defendant the costs and disbursements of this action; and that judgment should be entered in favor of the plaintiff and against the defendant in accordance with such findings. From the judgment entered thereon accordingly July 2, 1887, the defendant appealed.

*E. J. Goodrich*, for the appellant.

*Charles W. Felker*, of counsel, for the respondent.

CASSODAY, J. 1. The testator died without issue him surviving. The plaintiff was his nephew. By the terms of the will the plaintiff was not entitled to the possession of the land while the widow remained unmarried. To entitle the plaintiff to the right of possession, it was necessary for him to prove that since the testator's death the widow had married. It is claimed that there is no sufficient proof of such marriage to support the finding to that effect. Such marriage was alleged in the complaint. In the body of her affidavit, made and sworn to May 20, 1881, and also in her signature to the same, she described herself, as " Mary M. Toule, *née* Prickett." This, as we understand it, was a declaration by her that before she married Toule her family name was Prickett. She made substantially the same declaration in her deed to Forney, under which the defendant claims title. Such proofs, together with her admissions of the fact in the house where she was boarding, in the absence of any evidence to the contrary, would seem to be

sufficient to support such finding as against one claiming title under the papers in which such admissions were made. Besides, the plaintiff, as such reversioner of the land, could maintain this action to remove such cloud from the title, if at all, had the widow remained single.

2. The counsel for the defendant contends that there is no proof to support the finding that the testator was the owner in fee of the land, under a school-land certificate, at the time of his death. It is manifest that he resided upon the land at that time. This was notice to the world of whatever interest he then had. Besides, the affidavit of Mary Margaret, upon which she obtained the patent under which the defendant claims title, states the fact of such certificates — giving their numbers — having been the property of said deceased, and that she therein made claim to the same as his heir at law. Such facts may be shown in a case like this. *State ex rel. Anderson v. Timme*, 70 Wis. 627, and cases there cited. Certainly, the defendant claiming title under a patent obtained by the executrix of such will and estate upon such an affidavit is in no position to dispute such title of the testator.

3. The affidavit mentioned, of such executrix, was confessedly false in so far as it stated that said "Richard Prickett died intestate," and in so far as it represented that she was entitled to a patent as the "only legal heir" of said deceased. It conclusively appears that she must have known that the deceased had left such will, since she was named as executrix therein, and the will had been admitted to probate for more than four years before the making of the affidavit, and during all that time she had acted as the qualified executrix of such will and estate. Under such circumstances, the obtaining of the patent by her was not only a gross fraud on the plaintiff, but a breach of trust deserving severe censure. *Scott v. Reed*, 33 Minn. 341.

4. It is claimed, however, that the judgment cannot be

sustained, because the plaintiff has failed to establish affirmatively, not only that the defendant, but also his immediate grantor, Mrs. Forney, had actual notice before such purchase of such fraud or the existence and probate of such will. The court found that at the time of the execution and delivery of the deed from Mrs. Forney to the defendant, and for a long time prior thereto, the latter knew that the land had been duly devised to the plaintiff by the will, and that the will had been duly proved and admitted to probate. After a careful reading of the testimony we are constrained to believe that such finding is sustained by the evidence. One who purchases with knowledge of an outstanding claim of title, or information sufficient to put him upon inquiry, is not a *bona fide* purchaser within the meaning of sec. 2241, R. S. *Rowell v. Williams*, 54 Wis. 639.

5. Is the want of such proof of actual notice to Mrs. Forney at the time she received the deed from the executrix available to the defendant as a defense in this action? The devise of the land to the plaintiff, subject to the right of possession in the widow while she remained single, only became effectual upon the admission of the will to probate; but, when so admitted, it related back to the death of the testator, and must be treated as speaking from that moment. Sec. 2294, R. S.; *Scott v. West*, 63 Wis. 552. In legal contemplation, the devise took effect, and the plaintiff acquired the legal title to the land subject to such widow's right, immediately upon the death of the testator. Sec. 2278, R. S.; *In re Pierce*, 56 Wis. 560; *Newman v. Waterman*, 63 Wis. 616. The widow continued in the possession, but such possession was subordinate to the plaintiff's legal title. It is true that all judgments, decrees, and orders rendered or made by any court in cases where the title to land may come in controversy may be recorded in the office of the register of deeds in the same manner and with like effect as conveyances. Sec. 2236, R. S. And it

may be that such judgment, decree, or order, when so recorded, has the effect of a recorded conveyance within the meaning of sec. 2241, R. S. *Cutler v. James*, 64 Wis. 175, 177. But the statute defining the term "conveyance," as used in each of those sections, expressly *excepts wills* from their operation. Sec. 2242. That the statutes do not contemplate the recording of the judgment or decree of probate is further indicated by prescribing, in effect, specifically, that every will devising lands or any interest therein, when duly proved and allowed, shall have a certificate of such proof indorsed thereon or annexed thereto, signed by the county judge and attested by the seal of his court, and such attested copy shall be recorded in the office of the register of deeds. Sec. 2296. Such proof and allowance are the judicial sanction of the instrument as a will, and are "conclusive as to its due execution." Sec. 2294, R. S.; *Newman v. Waterman*, 63 Wis. 616. Being a judicial proceeding *in rem*, there is much force in the argument that, even without being thus recorded in the register's office, it is binding upon the property, and notice to the world. But it is not essential that we should here determine whether it is or not. To defeat the legal title held by an unrecorded conveyance under our statute, it must appear that the subsequent purchaser purchased "in good faith, and for a valuable consideration." Sec. 2241, R. S. Since the defendant had actual notice of the existence of the will and the death of the testator at the time he took the conveyance, it is obvious that he cannot be entitled to the protection of that section, without showing that his grantor, Mrs. Forney, was such "purchaser in good faith and for a valuable consideration." *Fallass v. Pierce*, 30 Wis. 443. The defendant, therefore, could only make his plea of *bona fide* purchaser without notice available by alleging and proving that his grantor so purchased without such notice, and then completed her purchase by paying

the consideration therefor and then receiving her convey-ance. *Everts v. Agnes*, 4 Wis. 354, 65 Am. Dec. 314; *Bross v. Wiley*, 6 Wis. 485; *Nantz v. McPherson*, 18 Am. Dec. 216; *Johnson v. Toulmin*, 52 Am. Dec. 212; *Cummings v. Coleman*, 62 Am. Dec. 402; *Thomas v. Graham*, Walk. Ch. 117; *Shotwell v. Harrison*, 22 Mich. 410. Under the old practice such plea or answer was required to be very spe-cific. Thus in *Boone v. Chiles*, 10 Pet. 211, it was said on behalf of the court that, "in setting it up by plea or answer, it must state the deed of purchase, the date, parties, and contents briefly; that the vendor was seized in fee, and in possession; the consideration must be stated, with a dis-tinct averment that it was *bona fide* and truly paid, inde-pendently of the recitals in the deed. Notice must be denied previous to and down to the time of paying the money and the delivery of the deed; and, if notice is spe-cially charged, the denial must be of all circumstances referred to from which notice can be inferred." Whether the same strictness is requisite under the Code is immate-rial here, since the defendant has neither attempted to allege nor prove that Mrs. Forney was such purchaser in good faith and for a valuable consideration. We must hold that the defendant has failed to establish his right to the land as such *bona fide* purchaser without notice.

6. It is claimed that in any event the plaintiff has mis-taken his remedy, which should have been in ejectment. But the patent gave to Mrs. Toule the apparent legal title of record, and some of the facts which make that title in-equitable and fraudulent as against the plaintiff are not of record, and hence there is a necessity of establishing the plaintiff's right to the land by an adjudication in this ac-tion. *Spiess v. Neuberg*, 71 Wis. 279.

7. The defendant insists upon his right to compensation for the improvements made and taxes paid upon the lands under his counterclaim and proofs. But the remedy given

for such improvements upon such counterclaims under secs. 3096–3100, R. S., is only available in actions of ejectment, and not in an equitable action like this. *Davidson v. Rountree*, 69 Wis. 655.

*By the Court.*— The judgment of the circuit court is affirmed.