Estate of McDougall: McDougall, Trustee, Appellant, vs. Force and another, Respondents.

*March 9—April 6, 1926.*

*Trusts: Termination on remarriage of widow: Evidence of remarriage: Sufficiency: Removal of trustee: Grounds.*

1. The appellant was the widow of Edgar McDougall and the trustee under his will leaving her the net income of the estate during the trust, which was to terminate in case she remarried. *Held,* in a proceeding to terminate the trust on the ground that appellant had remarried, the evidence, which showed appellant and one E. Mick had lived together as man and wife, and assertions that appellant had made under oath that she was the widow of E. Mick in proceedings to probate his estate, warranted the court in finding that appellant had remarried, although she positively denied the fact. p. 553.

2. The neglect of a trustee, after repeated notices to her and her attorney, to file complete and proper accounts of her doings with the trust estate, is ground for her removal as trustee, such failure not being excused by reason of the fact that the trustee was entitled to all the income from the trust estate. p. 553.

Estate of McDougall, 189 Wis. 550.

3. The attitude of the trustee in withholding from other benefici-
   aries of the trust and from the court knowledge of her subse-
   quent remarriage is also conduct which justified her removal.
   p. 553.

APPEAL from a judgment of the county court of Wal-
worth county: ROSCOE R. LUCE, Judge. *Affirmed.*

By his will E. McDougall gave all his property (after ad-
vancement of $3,000 to each of his two daughters) in trust
to his wife, *Anna L. McDougall,* appellant here. During the
trust the widow was to have the net income. It further pro-
vided: "If my said wife, *Anna L. McDougall,* should re-
marry, then and in that case said trust shall cease and termi-
nate and my said estate shall vest absolutely in and be divided
equally between my said wife . . . and my daughters," etc.

May 21, 1918, *Mrs. McDougall* qualified and gave bond
as such. Such trust fund was $13,617.37 and, with some of
her own money, was invested in a real-estate mortgage. The
trustee from time to time reported as to the amount on hand,
but not as to interest receipts, until, after several notices
from the county judge and citation, a complete report was
filed in August, 1925.

In 1919 *Mrs. McDougall* met one Edward E. Mick, then
married, and whose wife obtained a divorce from him in
Chicago June 9, 1921. From June or July, 1922, on, *Mrs.
McDougall* and Mick lived at the same house in Milwaukee
and were generally supposed to be husband and wife. In
October, 1923, Mick was taken to a hospital at Janesville
and died there January 13, 1924. January 21st she made
verified petition to the Milwaukee county court as widow
of said deceased for administration. August 22d she ap-
peared in said county court and testified in proof of heirship
that she had known said deceased about five years; that he
was her husband; that they had been married about two
years (but no statement made as to place or exact date
of marriage) ; and that she was his widow. She filed an in-

ventory and final account as administratrix, received a widow's allowance of $200, and after payment of debts and expenses had assigned to her as such widow of Edward E. Mick the balance of $234.33 of his estate of about $900, and was released as administratrix.

The death certificate made out by the undertaker at Janesville by her direction or with her knowledge recited that she was the widow of Mick. She held herself out as his wife while rooming at Janesville during Mick's last illness. In March, 1925, she caused a summons to be issued in Milwaukee county under the name of *Anna L. Mick*.

In June, 1925, a citation was issued in the court below for appellant to show cause why the trust should not be declared ended because of her marriage and why she should not be removed as trustee. She answered under oath that she had not remarried. Upon the hearing the facts above recited, and others, appeared, and appellant testified that she was not married to said Mick.

The trial court found that there had been a marriage with Mick prior to August, 1922, and a termination of the trust, and that a new trustee should be appointed and appellant to account for interest on the trust fund from September 1, 1922.

From the judgment so entered this appeal is taken.

For the appellant there was a brief by *Easton Johnson* of Whitewater and *N. W. Klein* and *A. B. Rosenthal*, both of Milwaukee, and oral argument by *Mr. Rosenthal* and *Mr. Johnson*.

For the respondents there was a brief by *E. L. von Suessmilch* and *C. J. Sumner*, both of Delavan, and oral argument by *Mr. Sumner*.

ESCHWEILER, J. Appellant contends that her positive denial of any marriage ceremony between herself and Edward E. Mick, there being an absence of any direct testimony of such, required the trial court to find the fact to be

in accord with such denial, and therefore that the trust under the will of Edward McDougall was not terminated.

The facts, however, as outlined above were ample grounds for the trial court to determine that there was as a matter of fact a marriage ceremony between appellant and Mr. Mick, followed or accompanied by admitted cohabitation and the holding out to the world that they were husband and wife. Her proceedings before the Milwaukee county court in the estate of Edward E. Mick, in which she repeatedly asserted under oath that she was his widow, while not conclusive, are very persuasive, to say the least, as in the nature of a declaration or admission on her part that there was such a marriage. *West v. State,* 1 Wis. 209, 228; *Prickett v. Muck,* 74 Wis. 199, 203, 42 N. W. 256; 38 Corp. Jur. 1336; 18 Ruling Case Law, 424. While not conclusive against her as to the existence of the fact of such marriage, nevertheless it was well within the province of the trial court to attach more weight and importance to her assertions of a marriage, when claiming the property of the deceased Edward E. Mick as his widow, than to her sworn denial in this matter when seeking to retain her hold of the trust created by McDougall.

Appellant further complains in that she was removed as trustee and another appointed to wind up and dispose of the estate. She had neglected for some time, after repeated notices to her and her attorney, to file complete and proper accounts of her doings with the trust estate. The mere fact that she was properly entitled to all the income from the same is no sufficient excuse for such failure. Her attitude in withholding from the other beneficiaries of the trust and from the court knowledge of the fact as found by the trial court of the marriage with Mick and the consequent termination of the trust was also such conduct as would justify her removal. *Laughlin v. Griswold,* 179 Wis. 56, 190 N. W. 899. Other assignments of error do not need discussion.

*By the Court.*—Judgment affirmed.