CHARLES BETCHER v. HENRY C. HODGMAN and Another.[1]

November 27, 1895.

Nos. 9379—(17).

### Computing Interest—Partial Payments.

The law for computing interest in this state is that contained in the decision of Chancellor Kent in the case of Connecticut v. Jackson, 1 Johns. Ch. 13, and is as follows: "The rule for casting interest, when partial payments have been made, is to apply the payment, in the first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal; but interest continues on the former principal until the period when the payments, taken together, exceed the interest due, and then the surplus is to be applied towards discharging the principal; and interest is to be computed on the balance, as aforesaid."

Appeal by plaintiff from a judgment of the district court for Goodhue county, in favor of defendant, entered in pursuance of the findings and order of Crosby, J.    Affirmed.

*F. M. Wilson*, for appellant.

*J. C. McClure*, for respondents.

BUCK, J.    In this case the only assignment of error is that the court erred as to the proper rule for computing interest.    The defendant Hodgman is the owner of two judgments against plaintiff, as follows:    One dated February 13, 1885, for $8,196.30; and one for $1,275.15, dated October 9, 1885.    On November 7, 1885, Hodgman and the plaintiff entered into a written contract under seal, wherein a reference to these judgments was made; and it was therein agreed that if Hodgman would cause no executions to be issued upon either of said judgments at any time prior to November 1, 1886, Betcher would pay interest on each of said judgments from their respective dates until paid, at the rate of 10 per cent. per annum. Hodgman waited until February 24, 1892, when he caused execu-

[1] Reported in 65 N. W. 96.

tions to be issued upon each judgment, and delivered the same to the defendant Anderson, who was the sheriff of Goodhue county. In the meantime Betcher paid to Hodgman upon said judgments various sums, and the plaintiff claimed that the amount due thereon was only the sum of $1,420, while the defendant Hodgman claimed that there was due at the time of serving his answer the sum of $1,852.75, with interest from February 24, 1892, at the rate of 10 per cent. per annum.

The controversy is over the method of computing interest. The trial court found the amount due the defendant Hodgman was $2,-223.32. The action was brought to restrain the defendants from collecting the executions for the amount claimed to be due Hodgman. The rule adopted by the trial court is that generally known as the "United States Rule," and adopted by the federal courts, by which the interest is computed up to the time of the payment; and, if the payment exceeds the amount of interest due, then add the interest to the principal, and deduct the payment. There was no error in this method of computation, and it has been substantially adopted by the courts of a large number of the different states. This rule is, however, more fully stated in the opinion of Chancellor Kent in the case of Connecticut v. Jackson, 1 Johns. Ch. 13, and is as follows: "The rule for casting interest, when partial payments have been made, is to apply the payment, in the first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal; but interest continues on the former principal until the period when the payments, taken together, exceed the interest due, and then the surplus is to be applied towards discharging the principal; and interest is to be computed on the balance, as aforesaid." This is the correct rule, and we adopt it as the law for computing interest in this state. This is not compounding interest, but the payments are applied to reduce the interest already due, and the surplus does not augment the principal.

The judgment is therefore affirmed.