LONDON & NORTHWEST AMERICAN MORTGAGE COMPANY v.
JAMES McMILLAN.

November 15, 1899.

Nos. 11,724—(32).

**Assignment of Error—Exception.**

Several assignments of error *held* unavailing to appellant, because no exceptions were taken to the rulings of the court below, upon which they are based.

**Same—Date of Breach of Contract.**

Another assignment *held* of no value because based upon a wrong assumption as to the day upon which a breach of the contract involved herein occurred.

**Same.**

Another assignment *held* too broad for the purpose intended.

**Specific Performance—Form of Decree.**

In an action for specific performance of a contract for the sale and purchase of real property, brought by a vendor against a vendee, on the ground that the latter refuses to perform, the court should find in its decree the amount due on the contract. It is also proper that it should fix a reasonable time in the decree within which the money must be paid, and also provide that, in case of the vendor's default, his rights and interests in the property shall then be terminated and extinguished.

Action in the district court for Ramsey county to enforce specific performance of a contract for purchase of land. The complaint alleged in substance, among other things, that plaintiff was on September 22, 1892, owner of a note and mortgage made by defendant to secure payment of $15,000 and interest, and that defendant was then in default; that plaintiff and defendant then entered into a contract whereby plaintiff agreed to foreclose the mortgage and bid in the premises for the full amount of the debt and expenses of foreclosure, and to assign the sheriff's certificate of sale to defendant for the amount so to be bid and interest, and whereby defendant agreed to pay said sum in consideration of such assignment; that on execution of the contract defendant paid $602.80 on account; that plaintiff caused the mortgage to be foreclosed, and on

November 14, 1892, bid in the premises for $16,063.90; that on December 27, 1892, defendant paid plaintiff on account the further sum of $5,515.90, and that the time for payment of the balance was extended until November 14, 1893; that on September 30, 1893, the time for payment was extended until November 14, 1895, and that in consideration of the extension defendant agreed to pay the balance and interest at that date, and to pay taxes on the premises; that on April 1, 1898, plaintiff tendered performance, but that defendant refused to perform; and that the reasonable value of the premises was $5,000. The answer was a general denial. The case was tried before Kelly, J., who found the foregoing facts, and as conclusions of law found that there was due to plaintiff on the contract $13,344.44; that plaintiff was entitled to judgment that defendant pay said sum with costs within 90 days after service upon him of a copy of the judgment to be entered and on delivery of a deed of the premises and an assignment of the sheriff's certificate; and that in default of such payment plaintiff be adjudged to be the owner of the land free from redemption, and recover of defendant $8,344.44 with costs. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Jayne & Halliwell*, for appellant.

*W. H. Yardley*, for respondent.

COLLINS, J.

1. The first, second, third, and fifth assignments of error, relating to rulings of the trial court when receiving evidence, are valueless to defendant's counsel, because no exceptions were taken to the rulings in question.

2. The fourth assignment is that the court erred when admitting testimony as to the value of the real property on April 1, 1898, "or on any other date than November 14, 1892." The force of this assignment of error is controlled by that part which we have quoted, and it therefore amounts to nothing more than the contention that the measure of damages was the difference between the contract price November 14, 1892, the day on which defendant was to take the assignment of the sheriff's certificate, and the value of the property on that day. This assignment is also without merit. There was no breach of the contract on November 14, 1892, on which an

action could be based; for it stands admitted by all parties that subsequently, December 27, 1892, defendant paid to plaintiff over $5,000 on account of the purchase price, and thereupon, by mutual consent, the time for payment of the balance was extended until November 14, 1893,—almost one year.

3. The sixth assignment of error is of an omnibus nature, and entirely too broad to reach the points argued by counsel.

The court, by its decree, adjudged that there was due to plaintiff, as the balance on the contract, August 4, 1898, the sum of $13,-369.30, ordered that payment of that sum to plaintiff should be made by defendant within 90 days after service of a copy of the decree; and, further, that, if payment was not so made, plaintiff should hold the land, and also recover of defendant the sum of $8,369.30, the difference between the contract price and the value of the land as determined by the court. The assignment of error is as follows:

"(6) The court erred in making the decree on August 4, 1898, adjudging that there was due from appellant to respondent the sum of $13,369.30, or any other sum, and directing that appellant pay said sum to respondent within 90 days from the service of a copy upon him of the judgment and decree, and that, in default of said payment within said time, respondent should hold the land without further right of redemption on the part of appellant, and that respondent should recover from appellant the sum of $8,369.30 or any other sum."

Counsel for defendant attempt to make several points on this assignment, but the only one which we need to mention is that covered in their brief, as follows:

"The court erred in the nature of the decree made. The action brought was, in all essential respects, an action to foreclose a land contract, and should be governed by the same regulations and conditions as an action to foreclose a mortgage. Judgment should have been entered, therefore, adjudging the amount due, and the ·sale of the premises to satisfy said amount, and directing the sheriff to proceed to sell the same, according to the provisions of law relating to sales of real estate on execution, and one year allowed to appellant, or those claiming under him, in which to redeem."

Here counsel contend simply that a public sale should have been ordered with the statutory period of redemption of one year, instead

of a strict foreclosure at the expiration of the 90-day period within which defendant could pay the contract price and retain the land; and they also insist that the amount due on the contract should have been determined by the court. But this is exactly what was done when the amount adjudged to be due was fixed at $13,369.30, and yet counsel insist in the beginning of this sixth assignment that it was error so to determine. The assignment must be taken as a whole, and, as before stated, is too broad.

But, unless we are to disregard the statement of counsel that this was an action to foreclose a land contract, the court made no mistake when fixing a period of 90 days after service of a copy of the decree within which defendant should pay or forfeit all right in the premises. We must take counsel at their word as to the nature of this proceeding and the transaction on which it is based. But we must not be understood as agreeing with them in the proposition that defendant's rights were only those of a vendee in a contract for the sale and purchase of land, for he had been plaintiff's mortgagor, and may have remained so when this action was instituted, and, consequently, with all of the rights of a mortgagor against whom an action to foreclose had been brought. Taking counsel's view of the nature of this proceeding, the decree finding the sum due on the contract, and requiring its payment to plaintiff (vendor) within 90 days after notice,—obviously a reasonable time,—and, in case of default, declaring the defendant's (vendee's) rights and interests in the land terminated and extinguished, was correct. Thayer v. Wilmington, 105 Ill. 540. The statute providing for execution and mortgage foreclosure sales, and which grants the right to redeem therefrom, has no application in the case at bar.

4. What has been said as to the sixth assignment of error disposes of the seventh.

Judgment affirmed.