# ELLA CORRIGAN v. FREDERICK W. FOOT.[1]

July 17, 1914.

Nos. 18,607–(132).

**Compromise — evidence.**

Action upon a compromise and settlement. Verdict sustained by the evidence. [Reporter.]

[1] Reported in 148 N. W. 98.

**Interest.**

Where partial payments are made upon an obligation, they should be applied on the principal as of the date made and thereby interest reduced. It was error to charge the jury that interest should be computed on the principal from the date of the compromise, then the payments deducted, and the balance would be the amount of the verdict. [Reporter.]

**Appeal and Error.**

Where an exception to the charge is taken at the time and in a motion for a new trial, but not assigned as error on appeal, it cannot be considered. [Reporter.]

Action in the district court for Goodhue county to recover $275.25, and interest, the amount of a compromise of plaintiff's claim against defendant. The case was tried before Johnson, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $444.99 in favor of plaintiff. Defendant's motion for judgment in his behalf, notwithstanding the verdict, was denied. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Mohn & Mohn,* for appellant.

*Edward A. Knapp,* for respondent.

PER CURIAM.

This action was brought to recover a sum alleged to have been promised by the defendant to the plaintiff on compromise. There was a verdict for the plaintiff and the defendant appeals from the order denying his motion for a new trial.

Some 14 or 15 years ago the defendant was one of the plaintiff's attorneys in a personal injury suit which resulted in a recovery of something like $5,000. There was a dispute or misunderstanding as to the amount of the attorneys' fees, the question being whether the attorneys were to have one-third or one-fourth of the recovery.

The plaintiff alleges that in March, 1901, the matter was compromised by the defendant agreeing to pay her $275.25, and the suit is upon such agreement. The evidence is very unsatisfactory, but we are of the opinion that it justified the jury in finding that such an agreement was made and that such sum was to be immediately payable though the agreement may have contemplated an insignificant delay of a few days.

The evidence supports the claim that partial payments were made which kept the obligation alive.

The court was in error in instructing the jury to compute interest on the $275.25 from the date of the compromise, then to deduct the payments made, and that the balance would be the verdict. The payments should have been

applied on the principal as of the date made and thereby interest reduced. Exception was taken at the time and in the motion for new trial, but is not assigned as error here. It cannot be considered.

Order affirmed.