JOSEPH PORTEN v. NELS P. PETERSON AND OTHERS.[1]

January 11, 1918.

No. 20,578.

**Vendor and purchaser — specific performance — form of judgment.**

    1. The plaintiff as vendee and the defendant as vendor entered into an oral contract for the purchase and sale of real property. The plaintiff took possession and made such part performance that the contract was

[1]Reported in 166 N. W. 183.

taken out of the statute of frauds. He had an equitable interest. Certain instalments of the purchase price were not due. The defendant could not be required to take them in advance of the due date. Therefore the plaintiff, though he had an equitable interest, could not call in the legal title. The defendant repudiated the contract, claimed that the plaintiff had no interest, and that he was the sole owner free of any claim of the plaintiff. In an action for specific performance, praying also general relief, in which the plaintiff necessarily failed for the reason stated, it is *held* that the court should enter judgment determining the rights of the plaintiff and the defendant in the property, that is, that it should determine and adjudicate the equitable title of the plaintiff resting upon the defendant's legal title.

**Same — interest of plaintiff — waiver of payment.**

2. The default of the plaintiff in making payments when due did not bar him of his equitable interest in the absence of laches or abandonment, or of forfeiture by the affirmative action of the defendant, and under the evidence none of these was present; and strict payment was waived.

**Interest — application of partial payments.**

3. The interest rule in case of partial payments requires the application of a payment if it exceeds accrued interest first to the discharge thereof and then to a reduction of principal; and in the event that it is less than accrued interest the former principal continues as the basis for the computation of interest.

Action in the district court for Steele county for specific performance of an oral contract of sale of certain real estate. The answer was a general denial. The case was tried before Childress, J., who made findings and dismissed the action. From the order denying his motion for amended findings and conclusions of law or for a new trial, plaintiff appealed. Reversed.

*J. A. & A. W. Sawyer,* for appellant.

*Leach & Leach,* for respondents.

DIBELL, C.

This is an action for the specific performance of an oral contract of sale of real estate with a prayer for general relief. There were findings for the defendants and the plaintiff appeals from the order denying his motion for a new trial.

1. The facts as found by the court or conclusively established by the evidence are substantially as follows: In March, 1911, the plaintiff and defendant Nels P. Peterson entered into an oral agreement whereby the defendant was to build a house on a lot in Owatonna and convey to the plaintiff for $1,500. The plaintiff was to pay $10 per month commencing with occupancy, which was in April, 1911, and the taxes which the defendant paid from year to year. The principal sum of $1,500 bore interest at 6 per cent from the date the house was completed. Pursuant to the agreement the plaintiff took possession of the lot in April, 1911, and in reliance upon it built a barn in which he lived until the house was completed and made other substantial improvements upon and about the lot. The defendant completed the house about December 1, 1911, and since that time it has been occupied by the plaintiff as his home. The plaintiff was working for the defendant at the time and from time to time his earnings were credited upon the contract or payments made. Altogether there was credited and paid in the first four years the sum of $798.30 and most of the payments were considerably in advance of accrual. The taxes paid by defendant amounted to $107.74.

What the plaintiff did was such part performance that the contract was taken out of the statute of frauds. The plaintiff is entitled to specific performance, but for the fact that all of the monthly payments fixed by the contract are not due. The evidence well justifies a finding that the $10 per month was the minimum, but that the plaintiff might pay as much more as he chose; and the conduct of the parties in making and taking payments in irregular amounts and at irregular intervals and often largely in advance of what was then due on the stated monthly basis harmonizes with such view; but there is no such finding nor was there a request for one. The defendant cannot be required to accept payments before due. Until due the plaintiff cannot call in the legal title. Nor can specific performance be enforced upon the theory that the defendant was to execute a written contract embodying the terms of the sale and providing for a warranty deed. The plaintiff testifies that this was the agreement, but the defendant denies it, and there is no finding.

A contract in terms such as are found by the court puts in the vendee an equitable title and leaves in the vendor the legal title as security for the unpaid instalments of the purchase price. See Shraiberg v. Hanson, 138 Minn. 80, 163 N. W. 1032, and cases cited. Prior to the commencement of this action the defendant repudiated the contract. In his answer he denies that one was made. The question is whether the plaintiff, being in possession and being entitled to retain possession, but being unable to maintain specific performance because all the payments are not due, may, when he fails in his action for specific performance, have his equitable title found and adjudicated. We find no case directly in point. The principal question in litigation was whether there was a contract at all. Plaintiff successfully maintained the affirmative. The defendant's contention was that there was no agreement reached; that there was some talk of a sale; that the money paid by the plaintiff was to apply on the purchase price if an agreement was reached and otherwise was to be treated as rent; and that no agreement having been reached the plaintiff has no interest in the property and that he has the unencumbered title. The question whether there was a contract and if so the terms of it was thoroughly litigated. In such a situation we are of the opinion that the court should determine and adjudge the interest of the plaintiff.

It is true that his possession protects him, and that there cannot be an innocent purchaser from the defendant, and that the defendant cannot recover possession. This protection is not complete relief. He should be protected though out of possession and his interest should not be left uncertain. The contract as found by the court contemplates the delay of full performance for many years. The defendant denies it altogether. The facts are less susceptible of proof as the years pass. In the meantime neither party can know of a certainty what his rights are. If the court is unable to quiet this dispute at the suit of the plaintiff until by lapse of time he is entitled to specific performance, the uncertainty continues unless the defendant chooses to litigate. This ought not to be. The right to specific performance of a partly performed oral contract is an equitable interest in land. Benjamin v. Wilson, 34 Minn. 517, 26 N. W. 725. Under our statute an equitable owner may maintain an action to determine adverse claims. 2 Dunnell, Minn.

Dig. & 1916 Supp. § 8043. It is not to be doubted that under a statute like ours the vendee in a contract of sale may maintain an action against a third person to determine adverse claims. Coel v. Glos, 232 Ill. 142, 83 N. E. 529, 15 L.R.A. (N.S.) 413. This is not the precise situation here, for the defendant concededly has the legal title and under him the plaintiff claims. The situation is very much like one where the owner of an equitable title, whose interest is denied by the owner of the legal title, is permitted to take a judgment impressing the legal title with a trust in favor of the equitable title; and that this may be done has been held even where the statutory action to determine adverse claims does not lie in favor of an equitable title. Donohoe v. Rogers, 168 Cal. 700, 144 Pac. 958.

That the evidence to show the contract is now available and later may not be is not without practical significance upon the propriety of a present adjudication. In Slingerland v. Slingerland, 109 Minn. 407, 124 N. W. 19, Mr. Justice O'Brien used this language: "In addition it would seem that now, while the parties to the instrument are alive and capable of testifying fully to the facts, is the appropriate time for the adjustment of this controversy." This was said in an action by a wife, having an inchoate right of dower which might never vest, to have determined the validity of an antenuptial agreement which, unless the action were sustained, could only be determined when upon the death of the husband the inchoate dower interest became vested. There as here the only effect of the decree was to determine the right.

Under the circumstances stated we are satisfied to hold that the plaintiff is entitled to an adjudication of his equitable title which rests upon the legal title of the defendant.

2. The denial of relief to the plaintiff was placed upon the ground that he had not performed the conditions of his contract. The plaintiff is in default. The precise amount of his default is not material on this appeal. Time is not of the essence of the contract, and a mere default, in the absence of laches or abandonment, and in the absence of a forfeiture or determination of his rights by affirmative action on the part of the defendant, does not result in the loss of his equitable interest. He might through laches lose the right to enforce his contract. Enkema v. McIntyre, 136 Minn. 293, 161 N. W. 587, and cases cited.

He might lose his equitable interest by abandonment. Mathwig v. Ostrand, 132 Minn. 346, 157 N. W. 589, and cases cited. There was no laches nor abandonment nor forfeiture. And all these questions aside, if there was ever a waiver of payments on due dates by taking them in advance and at irregular intervals, here was one. Tingue v. Patch, 93 Minn. 437, 101 N. W. 792.

3. There is a dispute as to the status of the account between the parties. In view of what is said in the preceding paragraph it is not important on this appeal. Since a restatement of the account is necessary it is proper to note that the interest rule, in case of partial payments, requires the application of payments first to a discharge of accrued interest if it be sufficient for such purpose and then to a reduction of principal; and if it is less than the accrued interest the old principal continues as the basis for computation. Betcher v. Hodgman, 63 Minn. 30, 65 N. W. 96, 56 Am. St. 447; Corrigan v. Foot, 126 Minn. 531, 148 N. W. 98; Lundquist v. Peterson, 134 Minn. 279, 158 N. W. 426, 159 N. W. 569. The trial court did not accurately follow this rule.

There is no need of further evidence unless to bring the account to date. There should be a restatement of the account. The findings and conclusions should be amended so as to adjudicate the rights of the parties in the property and determine the payments made and amount due. Then the rights of the parties are fully guarded by the judgment.

Order reversed.