## FRANK C. TURNER v. MICHAEL EVEN AND OTHERS.[1]

July 25, 1924.

No. 23,892.

**Court retained jurisdiction to enforce its decree for specific performance against nonresident party.**

1. In this action for specific performance, the court by the decree properly retained jurisdiction of the parties after its rendition for the purpose of enforcing it; hence a notice, subsequently served upon the attorney who appeared for a nonresident party at the trial, of an application for enforcement against him, authorized the court to enforce the same.

[1]Reported in 199 N. W. 751.

**But could not authorize personal judgment for more than originally decreed.**

2. But the court could not by a supplemental decree authorize a personal judgment to be entered for more than the original decree directed, or mature a mortgage payable in the future, which the party was to assume and agree to pay, so as to include that in the personal judgment.

Action in the district court for Nobles county for specific performance of a land contract, as reformed, and to recover $7,500. The case was tried before Nelson, J., who made findings and ordered judgment in favor of plaintiff. The proceedings subsequent to the entry of judgment are mentioned in the fourth paragraph of the opinion. From the judgment, defendant Edgington appealed. Reversed.

*Putnam & Carlson,* for appellant.

*E. H. Nicholas* and *E. J. Jones,* for respondent.

HOLT, J.

In July 1918, plaintiff, on an executory contract, bought a farm in Nobles county of defendants Even and wife, agreeing to pay $34,100. A year thereafter, under a like contract, defendant Edgington bought the same farm of plaintiff for $42,000. In the transaction plaintiff also gave a written agreement to assign his contract with Even and wife upon payment by Edgington of $7,500 on January 15, 1921, at which time a like sum was due from plaintiff to his vendors who were to use the same to pay off a mortgage on the farm. Edgington could not make the payment, and it was agreed between all the parties that the Evens should renew the mortgage at Edgington's expense. This was done. Edgington failed to pay an instalment of $7,500 due March 1, 1920, and interest and taxes. He was given possession when he purchased and has ever since retained it by tenant. Unable to obtain the payments due from Edgington, plaintiff brought this suit for the specific performance of the three contracts mentioned, making Even and wife and Edgington defendants. In the contracts there were errors in the description of the farm and in that respect reformation was asked.

Edgington was and is a resident of Iowa, but he appeared and answered, as did the other defendants. A trial was had and judgment of reformation and for specific performance was rendered July 21, 1922.

This judgment was accepted as correct by all parties to it and is not questioned now. The substance of the parts thereof which bear upon this appeal may be stated thus: It was adjudged and decreed that plaintiff have and recover judgment against defendant Edgington for the sum of $19,661.82, and certain interest, and that he shall assume and agree to pay the mortgage of $17,000 to be given back on the farm by plaintiff to the Evens; and that upon payment of Edgington to plaintiff of said $19,661.82 and accrued interest at the rates and from the dates specified, and upon Edgington assuming and agreeing to pay said $17,000 mortgage plaintiff shall deed to him by good and sufficient warranty deed said farm free from all encumbrances except said $7,500 mortgage. The amount due the Evens from plaintiff was also adjudged and that upon its payment they were to deliver their deed subject to the $7,500 mortgage placed thereon as stated, and plaintiff should give them a purchase money mortgage to secure the balance of the purchase price of $17,000.

Then follows this clause of the judgment: "It is further adjudged and decreed, that all of the parties to this action be given and allowed a period of sixty days from the entry of this judgment within which to specifically perform both said contracts as so reformed, and should either of the parties hereto refuse, fail or neglect to perform said contracts in accordance with this judgment, either parties, on eight days' notice to the others, may bring the matter before the court for further proceedings herein to enforce the order and judgment of this court herein, and this court retains jurisdiction of this action, the subject matter thereof and all the parties hereto for the purpose of enforcing the order and decree of the court herein."

In April, 1923, plaintiff obtained an order to show cause against Edgington why judgment should not be forthwith docketed against

him for $36,661.82 and accrued interest, in accordance with the previous decree, and why the court should not grant such further relief to plaintiff in the premises for the enforcement of such decree as the court might be advised. The order to show cause was directed to be served upon one of the attorneys who represented Edgington at the trial, and it was so served. At the hearing the attorney was present, but took no part. The court found that plaintiff and defendants Even had in all things complied with the judgment and decree of July, 1922, but that defendant Edgington had not complied with any part thereof, and directed that a judgment be forthwith entered and docketed against him and in favor of plaintiff for $39,961, and that all his interest in said farm be sold at public vendue by the sheriff of Nobles county in the same manner as a sale upon execution, and that the proceeds of such sale be applied on the judgment so entered, and execution issue for any deficiency. A supplemental judgment in accordance with this order was entered May 2, 1923. From this judgment Edgington appeals. The record discloses that pursuant to this judgment the sheriff sold Edgington's interest for $16,500, and after deducting expenses paid the balance of $16,441.85 to plaintiff and that the sale was duly confirmed.

The appellant contends that jurisdiction of the person of defendant was not obtained by the service of the notice upon the attorney who represented him in the trial. The general rule is that the authority of the defeated party's attorney to represent him ends with the entry of judgment. Berthold v. Fox, 21 Minn. 51. However, while under section 4950, G. S. 1913, the authority of the attorney of the prevailing party continues for only two years after entry of judgment for the purposes of collection and satisfaction, yet in Phelps v. Heaton, 79 Minn. 476, 82 N. W. 990, it was held that notice to vacate a judgment in favor of a nonresident plaintiff may be served on his attorney of record, although more than two years have elapsed since the entry thereof. Judge Sanborn in Brown v. Arnold, 67 C. C. A. 125, 131 Fed. 723, states that there are many exceptions to the rule that the authority of the attorney to repre-

sent his client ceases with the entry of judgment. Freeman, Judgments, § 142, says that in proceedings after final judgment parties are entitled to notice, "but such notice may generally be given to their attorneys, who, notwithstanding the entry of judgment, are regarded as still representing them for the purposes of receiving notices of motions."

In the case at bar the judgment itself reserves jurisdiction of the parties for the purpose of enforcing it. Hence we are of the opinion that service of notice on the nonresident defendant properly was made upon the attorney representing him at the trial. And even if the reservation of jurisdiction of the parties was erroneous, which we do not admit, it is now valid, not having been corrected by timely appeal. It can hardly be claimed void as beyond the power of the court to make it. It must also be conceded, as we think counsel for appellant do, that, for the purpose of merely enforcing the original decree, retention of jurisdiction of the parties was proper. 21 C. J. 692, § 865, and cases there cited. The different modes for the exercise of this retained jurisdiction are referred to in Fry, Specific Performance, §§ 1170-1181. These have also been considered by this court in Abbott v. Moldestad, 74 Minn. 293, 77 N. W. 227, 73 Am. St. 348; London & N. W. Am. Mort. Co. v. McMillan, 78 Minn. 53, 80 N. W. 841; Freeman v. Paulson, 107 Minn. 64, 119 N. W. 651, 131 Am. St. 438; D. W. Kerr Co. v. Nygren, 114 Minn. 268, 130 N. W. 1112, Ann. Cas. 1912 C, 538. We hold that the court had jurisdiction of the defendant Edgington to enforce the original decree as to him after the other parties to the action had performed. The original decree presupposes that there be first specific performance as between plaintiff and defendants Even.

The contention of appellant is also that the supplemental decree is wrong and not authorized by the main decree first rendered. There seems to be ground for complaint in this respect.

The original judgment or decree was that plaintiff have and recover of appellant $19,661.82 and certain interest; the supplemental decree adds thereto $17,000 with interest, the latter sum representing the mortgage which Edgington was to assume. The original decree was that plaintiff should pay defendants Even $12,-

561.82 and execute and deliver a mortgage to them in the sum of $17,000, due January 15, 1926, and bearing 5½ per cent interest. The supplemental decree finds and is based upon the adjudication that as between plaintiff and defendants Even the original decree has been performed, that the latter have been fully paid and the deed and mortgage called for have been executed and delivered; so that the title is now in plaintiff subject to a first mortgage of $7,500 and a second mortgage of $17,000. When this was made to appear and that defendant Edgington had not performed or tendered performance, it would have been proper and right to enter a supplemental decree that his equity, subject to the two mortgages mentioned, be sold and applied upon the sum awarded by the original decree of $19,661.82 and interest, and that execution issue for any balance.

There is nothing in the original decree, nor in the contract between plaintiff and defendants Even under which the due date of the $17,000 mortgage could be accelerated in case of default in the payment of its interest or on account of any other default of Edgington. The original decree is that Edgington was to assume this mortgage. Hence, if this $17,000 mortgage be considered as an instalment of the purchase price to be paid, it does not fall due until January 15, 1926, and this action for specific performance is premature. Porten v. Peterson, 139 Minn. 152, 166 N. W. 183. Edgington did not agree to pay this $17,000 on the date this judgment was entered, and he cannot be compelled in this action to do what he never agreed to do. Luthey v. Joyce, 132 Minn. 451, 157 N. W. 708, L. R. A. 1916E, 1235. Plaintiff lays hold of certain language in Edgington's contract under which in case of default in any payment all might be declared due, but that can only refer to the instalments specified in the contract. We think the supplemental decree went too far when it presently authorized a personal judgment to include the amount of this mortgage, and directed its collection by execution. This exceeded the amount awarded by the original decree and is not thereby authorized. This supplemental order or decree should also make clear that a sale to assign or transfer Edgington's equity ends his interest in the land, and no right of redemption remains.

The defect in the supplemental decree cannot well be cured on motion for there has been a sale made thereunder, and it is not likely the sale would have been for the price bid if subject to both mortgages as it should have been.

The supplemental judgment or decree entered April 17, 1923, is reversed and the sale and proceedings taken thereunder are vacated and set aside, and the cause is remanded to the court below for the purpose of carrying into effect the judgment and decree entered July 21, 1922, in conformity to this opinion.