James T. NEGAARD, Appellant,

v.

MILLER CONSTRUCTION
COMPANY, Respondent.

No. C4-86-581.

Court of Appeals of Minnesota.

Nov. 25, 1986.

Review Denied Jan. 21, 1987.

Stephen J. Snyder, Winthrop & Weinstine, St. Paul, for appellant.

Frederick L. Grunke, Donohue, Rajkowski, Hansmeier, Grunke & Jovanovich, Ltd., St. Cloud, for respondent.

Heard, considered and decided by POPOVICH, C.J., and LANSING and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

James Negaard appeals from an order upholding the validity of a promissory note over his claims of usurious interest. We affirm.

## FACTS

In June 1976 James Negaard contracted with Jim W. Miller Construction Company to build a house. Under the contract, Miller agreed to send Negaard monthly progress billings, due 30 days from the billing date with 12 percent interest on overdue amounts.

After promptly paying the first ten billings, Negaard missed a $40,000 payment on June 24, 1977. Negaard missed several more payments over the next few months and on August 25, 1977, his outstanding balance reached $86,000. Concerned about the growing debt, Miller suggested Negaard sign a promissory note as security. Negaard agreed and on September 1, 1977, signed a note for $150,000, the estimated value of the completed construction. The note was payable within one year with interest at 11 percent.

On August 23, 1978, Negaard's balance, including the $150,000 secured by the note, had increased to $207,198. Miller, for the first time, calculated interest on the overdue amount. The calculation showed a monthly breakdown of the unpaid bills with 11 percent interest on the outstanding balance for each month.

Before December 31, 1978, Negaard paid Miller $29,560.21, the entire amount of accrued interest. He made no payment on the principal.

On March 30, 1979, Negaard paid the $150,000 promissory note, leaving a balance of $70,361.85. Miller reduced the rate of interest to 9 percent. Negaard did not make any further payments until October. By that time, unpaid interest had accumulated to $10,009.11.

On October 25, 1979, Negaard restructured his outstanding debt. He paid Miller $19,102.22, which retired all interest and reduced the principal balance to $75,000. Negaard signed a promissory note, payable in one year at 8 percent interest, for the $75,000 remaining balance. He has made no payments, and his liability on this note is the subject of this appeal.

After the $75,000 note came due, Miller sent Negaard statements requesting payment of the principal plus the agreed-upon 8 percent interest. The statements also requested payment of an additional 15 percent interest on the entire underlying debt (principal plus interest). Negaard did not pay the post-note statements.

In June 1982 Negaard sued Miller, alleging design and construction defects in his home. Miller counterclaimed for the $75,000 promissory note. In response to Miller's counterclaim, Negaard alleged usury. Specifically, Negaard claimed the interest charged prior to the $75,000 note exceeded the 8 percent maximum legal rate and the interest charged after the note was compounded.

Negaard and Miller settled the defective construction claim, which left only the usury claim for trial. The court rejected these claims and ordered judgment for Miller, finding Negaard liable for the $75,000 note, 8 percent interest, costs, and attorney's fees.

## ISSUES

1. Were the pre-note interest charges usurious and, if usurious, are they barred by the applicable statute of limitations?

2. Were the post-note interest charges usurious?

## ANALYSIS

### I

Whether a transaction is usurious is ordinarily a question of fact, *Kantack v. Kreuer*, 280 Minn. 232, 240, 158 N.W.2d 842, 848 (1968). A trial court's finding on a claim of usury will not be disturbed unless it is without substantial evidentiary support or induced by an erroneous view of the law. *Pettibone Minnesota Corp. v. Castle*, 311 Minn. 513, 514, 247 N.W.2d 52, 53 (1976).

Negaard's interest payments divide into two main categories: interest charged before the $75,000 promissory note, which we refer to as pre-note interest, and interest charged after the $75,000 note, which we refer to as post-note interest. The pre-note interest is further divided into interest charged before the $150,000 note was signed and interest after the $150,000 note was signed.

The trial court found that the pre-note interest rates (9 percent and 11 percent) charged by Miller were not usurious because they were on a debt balance greater than $100,000. Minnesota's usury statute exempts transactions involving debts of $100,000 or more from the 8 percent maximum legal rate of interest. Minn.Stat. § 334.01, subd. 1 (1984).

When Negaard began paying on the construction debt, the balance was less than $100,000. However, Negaard paid no interest amount, and Miller demanded no interest payment, until after the $150,000 promissory note. Negaard urges us to consider the account balance independent

of the note. In analyzing claims under the usury statute, courts must look through the form to the substance of a transaction. *Rathbun v. W.T. Grant Company*, 300 Minn. 223, 235, 219 N.W.2d 641, 649 (1974). Here, the interest was actually charged at a time when the debt far exceeded $100,-000. Even though Miller allocated the total interest charges month by month retroactively to the debt's inception, we do not conclude that the trial court's aggregation of the note and the balance is erroneous. Although the classification is not free from doubt, we uphold the trial court's finding that the charges fall within the exception and were not usurious.[1]

■ However, after Negaard paid the $150,000 note, the remaining balance fell to less than $100,000. The balance was not an extension of an installment payment. The amount increased as the construction progressed, but there was no agreement or contract for a total debt amount. Nine percent interest on the less than $100,000 debt was usurious.

However, any action to recover usurious interest must be brought within two years of its payment. Minn.Stat. § 334.02. Negaard last paid any interest on the debt on October 26, 1979. His usury claims were first raised as a defense to Miller's counterclaim on the note in 1982.

■ Negaard argues that the statutory limitation period bars only affirmative claims for recovery and not those raised as defenses. Some defenses, such as recoupment, may be raised notwithstanding expiration of the pertinent statute of limitations. *See Household Finance Corp. v. Pugh*, 288 N.W.2d 701 (Minn.1980). However, recoupment must arise out of the same transaction that is the subject matter of the plaintiff's action and can only be utilized to reduce or avoid the plaintiff's recovery. *Id.*, 288 N.W.2d at 704.

■ Negaard's usury defense is not in the nature of a recoupment. The present note for $75,000 is separate from the earlier interest and principal payment. Ne-

gaard seeks to recover interest he paid on the previous note. This is not a recoupment arising out of the same transaction. Even though the 9 percent interest was usurious, we agree with the trial court's holding that it was not brought within the statutory period.

■ Negaard also claims that the $75,-000 note is void because it is made up of usurious pre-note interest charges. The trial court rejected this argument, and so do we. Negaard specifically paid all interest charges prior to execution of the $75,-000 note. When a debt consists of principal and interest, payment is applied first against the interest as a matter of law. *Porten v. Peterson*, 139 Minn. 152, 166 N.W. 183 (1918). Negaard paid all of the interest accrued in 1978 on December 31 of that year; he then deducted those payments from his personal income taxes. The interest for the period from January to March 1979 was paid on March 30, 1979. Likewise, Negaard's October 25, 1979, cash payment was applied first to retire the outstanding interest, then to reduce the outstanding principal balance to $75,000. Because we conclude that the trial court correctly decided this issue, we do not address the further basis of accord and satisfaction.

## II

The $75,000 note matured on October 25, 1979. Negaard became liable for the $75,-000 plus 8 percent interest. Following the maturity date, Miller sent Negaard statements demanding payment. The statements calculate 15 percent interest on the entire underlying debt for the time the note was overdue.

■ The trial court found the 15 percent compounded interest charged by Miller was not usurious because the invoices and statements sent by Miller did not give rise to a contract to pay interest. *Citizens National Bank of Willmar v. Taylor*, 368 N.W.2d 913, 918–19 (Minn.1985). The ex-

---

1. This claim would also be defeated by the stat-    ute of limitations defense, *infra.*

istence of an agreement, and its elements, are issues of fact. Although there is evidence of a unilateral charge which could give rise to an agreement, we cannot say the trial court's factual finding was clearly erroneous.

On appeal Negaard claims, for the first time, that the agreement to pay post-note interest is proved on the basis of an account stated. This issue should have been raised before the trial court; however, it would not affect the outcome. Statement of account is an equitable doctrine which rests upon mutual assent, which is not present in this transaction. Negaard disputes the debt because it is usurious. A party cannot invoke against himself the equitable doctrine of account stated while disputing the account's validity. The court properly calculated the debt based on 8 percent simple interest, the amount provided on the face of the note.

## DECISION

Affirmed.