*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0917**

Sherdell Jean Leshoure,
Appellant,

vs.

2003 GMC Yukon,
MN LIC 399 CCP, VIN 2GKEK13Z93J209465,
Respondent.

**Filed January 17, 2017
Affirmed
Reyes, Judge**

Scott County District Court
File No. 70-CV-16-2006

Sherdell Jean Leshoure, Shakopee, Minnesota (pro se appellant)

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Reyes, Judge; and T. Smith, Judge.

## U N P U B L I S H E D   O P I N I O N

**REYES**, Judge

Appellant Sherdell Jean Leshoure challenges the district court's dismissal of her case for lack of personal jurisdiction after Leshoure failed to properly serve the opposing party when she sought to remove the case from conciliation court to the district court.

Because we conclude that the district court properly dismissed the matter for lack of jurisdiction, we affirm.

## FACTS

While driving a 2003 GMC Yukon, Leshoure's son, Paris Leshoure, was arrested for driving while intoxicated (DWI). Because of Paris's two prior DWI convictions within the last ten years, this third offense resulted in seizure of the car by law enforcement.

Leshoure, claiming that the seized car belonged to her, filed a statement of claim challenging the forfeiture action in conciliation court. After a conciliation court trial, the conciliation court dismissed Leshoure's challenge to the forfeiture action by ruling that she was not the owner of the vehicle. The district court determined that the state satisfied its burden in overcoming the presumption created by Leshoure's submission of title and insurance paperwork to prove ownership of the vehicle. The conciliation court stayed judgment to give Leshoure time to appeal to a district court.

Due to a tragic personal event, Leshoure's attorney never notified Leshoure of the conciliation court's judgment. Consequently, no notice to appeal and remove the case to district court was filed by December 17, 2015, the deadline for removal. As a result, the state filed an administrative forfeiture certificate on December 22, 2015. Leshoure spoke to her attorney on that same date, and he informed her that she "had plenty of time to appeal." On December 28, 2015, Leshoure called the conciliation court clerk to find out how to appeal the judgment. On the following day, Leshoure's attorney called the state's attorney and requested a delay in processing the forfeiture certificate due to his

2

circumstance, which resulted in his failure to notify Leshoure of the judgment against her. The state agreed to delay processing the forfeiture certificate for two weeks.

On January 19, 2016, Leshoure improperly filed her demand for removal with the district court. A deficiency notice was sent to Leshoure ten days after her filing because she failed to serve her pleading document on the state. Leshoure never responded to the deficiency notice, nor did she properly serve the state. The state alleges that it only became aware of Leshoure's appeal when it received a copy of the deficiency notice sent by the district court. The state subsequently filed a motion to dismiss for lack of personal jurisdiction. *See* Minn. R. Gen. Pract., Rule 521.

The district court granted the state's motion and dismissed Leshoure's claim with prejudice. This appeal follows.

## D E C I S I O N

## I. The district court correctly dismissed Leshoure's case for lack of personal jurisdiction because Leshoure never properly served the state.

Leshoure argues that the district court erred in dismissing her claims for lack of personal jurisdiction as a result of her not properly serving the opposing party. We disagree.

Whether service of process was effective is a question of law that we review de novo. *Patterson v. Wu Family Corp.*, 608 N.W.2d 863, 866 (Minn. 2000) (citation omitted). Minnesota Rule of General Practice 521(b)(1)-(2) states that in order to remove a case to district court, the aggrieved party must (1) serve on the opposing party by first-class mail or personal service a demand for removal of the cause to district court for a

3

trial de novo and (2) "[f]ile with the court administrator the original demand for removal with proof of service." *See also Roehrdanz v. Brill*, 682 N.W.2d 626, 631 (Minn. 2004) (service of process meets removal requirement "by either personal service or service by first-class mail"). A court does not have personal jurisdiction over a party who has not been properly served. *See Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008).

Here it is undisputed that the state was not properly served. Leshoure at no point attempted to serve her statement of claims and summons on the state. Even though Leshoure appeared pro se, she is held to the same standards as an attorney. *See* Minn. R. Gen. Pract. 1.04 ("Whenever these rules require that an act be done by a lawyer, the same duty is required *of a party appearing pro se*"). Ultimately, when service of process is insufficient and there has been no waiver of service, the district court must dismiss the action. *See Uthe v. Baker*, 629 N.W.2d 121, 123 (Minn. App. 2001) (citation omitted). Therefore, because the state was never properly served and did not waive service of process, the district court appropriately dismissed Leshoure's removal action for lack of personal jurisdiction.

## II. The district court did not err in considering the state's motion to dismiss, sending the deficiency notice to Leshoure's home address, or in dismissing her case with prejudice.

Leshoure next argues that the district court erred in dismissing her case because she did not have sufficient notice of the state's motion to dismiss for lack of personal jurisdiction because the state filed its motion late and, as such, the district court should never have considered the state's motion. Appellate courts review the construction and

4

application of procedural rules de novo. *St. Croix Dev., LLC v. Gossman*, 735 N.W.2d 320, 324 (Minn. 2007) (citation omitted). Minn. R. Civ. 12.02 states that motions to dismiss should be treated and disposed of in the same manner as motions for summary judgment under Minn. R. Civ. P. 56. Rule 56.03 provides that service and filing of summary judgment motions shall be governed by Minn. R. Gen. Pract. 115.03, but "in no event shall the motion be served less than ten days before the time fixed for the hearing." Rule 115.03(a) requires parties to file and serve on an opposing party dispositive motions at least 28 days prior to the hearing.

Additionally, Minn. R. Gen. Pract. 115.01(b) grants the court discretion to relax the time limits provided that it does not run afoul of rule 56.03, which sets the limit at no less than ten days. Here, Leshoure concedes that she received notice of the state's motion to dismiss 13 days prior to the hearing, which is three days more than the limit set by rule 56.03. Therefore, Leshoure had sufficient notice of the state's motion and the district court did not err in accepting the state's motion to dismiss.

Leshoure next asserts that the district court erred by not mailing the deficiency notice to the attorney who represented her in conciliation court because he was still representing her at the time the deficiency notice was mailed. However, an attorney's relationship with the client generally ends at the entry of judgment on the matter the attorney was hired to represent. *Turner v. Even*, 160 Minn. 238, 241, 199 N.W. 751, 752 (1924) (citation omitted). Here, the conciliation court entered judgment on the matter, ending the relationship at that time. Moreover, Leshoure filed her claim in district court pro se by filing the summons and complaint in her own name without listing an attorney

5

of record.  Thus, it was reasonable for the district court to conclude that Leshoure was appearing pro se on appeal and was no longer being represented by her previous attorney. As such, the district court did not err in sending Leshoure the deficiency notice and not sending one to her previous attorney.

The district court sent Leshoure a deficiency notice indicating that she must serve her documents in accordance with the rules of civil procedure.  Leshoure claims that she did not do this because "[she] never received it or did not understand it."  The district court sent the deficiency notice to the address Leshoure had on file with the court, which is sufficient to impute notice to her.  *See* Minn. R. Gen. Pract. 13.01 (requiring litigants to keep updated mailing addresses and contact information with court.).  Additionally, Leshoure does not contend that the deficiency notice was sent to the wrong address.  In fact, her court of appeals filings list the same address as the address where the deficiency notice was sent.  We conclude there was no error in the mailing of the deficiency notice. Therefore, we conclude that Leshoure had knowledge that the documents she submitted to the district court were not served on the state and that there were additional steps she needed to take to continue with her removal action.

Finally, Leshoure argues that her case should not have been dismissed "with prejudice."  A district court is given discretion in deciding whether to dismiss with or without prejudice for failure to comply with the rules of procedure.  *See Lampert Lumber Co. v. Joyce*, 405 N.W.2d 423, 425 (Minn. 1987).  Here, because Leshoure did not

comply with the rules of procedure in that she failed to properly serve the state, the district court did not abuse its discretion in dismissing Leshoure's claim with prejudice.

**Affirmed.**