HANNAH A. DEAKIN *vs.* OSCAR W. UNDERWOOD.

June 14, 1887.

**Principal and Agent — Execution of Power — Partnership.**—The rule that, when an authority to do an act is conferred upon several agents, all must join in its execution, has no application where the authority is conferred upon a *partnership*. In such case, each partner may execute, and the act of one is the act of the firm, and in strict pursuance of the power.

**Same—Form of Execution of Contract.**—The power to execute a contract was given to a firm. The member of the firm who signed the principal's name added his own individual name, and not the name of the firm, as agent. *Held,* that the principal was bound. The agent could have effectually bound the principal by simply fixing to the contract the name of the principal alone.

**Same—Contract held within Authority.**—Where an agent is authorized to sell land "one-half payable *on or before* one year," a contract to sell "one-half payable *in* one year" is in pursuance of the authority; the legal rights of the vendor being the same in either case.

**Vendor and Purchaser—Defect of Title—Burden of Proof.**—Where the obligor in a contract for the sale of land justifies a refusal to perform under a provision in the contract authorizing him to declare it void "in case the title cannot be made good," the burden is upon him to prove that fact. Where the alleged defect is a sale of the land for taxes, he must prove that the period for redemption has expired.

Plaintiff brought this action in the district court for Ramsey county, for specific performance of an agreement of which the following is a copy, viz.:

"REAL ESTATE CONTRACT OF SALE.

"$75.00. ST. PAUL, MINN., May 23d, 1885.

"Received of Hannah A. Deakin, seventy-five dollars, as earnest-money and in part-payment for the purchase of the following herein described premises, lying and being in the county of Ramsey, state of Minnesota, to wit: The east one-half of lot 13 of Reserved Park Garden Lots, according to the recorded plat thereof on file in the office of the Register of Deeds in and for the said county of Ramsey, state of Minnesota, which we have sold to said Hannah A. Deakin for the sum of thirteen hundred and seventy-five dollars, on terms as follows, viz.: $687.50 on the delivery of a good and sufficient warranty deed for the above-described premises, clear of all taxes, assessments, and other incumbrances except as follows:

"Balance to be paid in one year.

"Deferred payments to be secured by note and mortgage on said above-described premises, and to bear interest at the rate of eight per cent. per annum, payable annually.

"And it is agreed and understood that, if the title is not good and cannot be made good, this agreement shall be void, and the above seventy-five dollars earnest-money refunded.

"But if the title to said premises is found good, and is nevertheless not accepted by said above-named purchaser, the above seventy-five dollars shall be forfeited by said purchaser, and the said owner of said premises shall be absolutely and forever discharged from any liability under the conditions of this contract, which shall immediately become null and void, at the option of the said owner; thirty days' time shall be allowed said purchaser, after the delivery of the abstract, to examine the same, and make the balance of the cash payment and pass the papers; a reasonable time to be allowed to perfect the title should defects be found by said purchaser.

"It is further agreed by and between both parties, that the deed

for the conveyance of said property, and the mortgage deed securing the deferred payment, shall bear date on the 1st of June, 1885.

"O. W. UNDERWOOD, (Seal.)

(L. S.) "By A. B. WILGUS, Agent.

"Signed, sealed and delivered in presence of

"A. B. WILGUS, Jr.,

"E. P. WILGUS."

The action was tried by *Simons, J.*, who ordered judgment for defendant. Plaintiff appeals from an order refusing a new trial.

*John B. & W. H. Sanborn*, for appellant.

*Uri L. Lamprey*, for respondent.

MITCHELL, J.[1] This was an action to compel specific performance of a contract for the sale of real estate. Plaintiff alleges that the defendant made the contract "by A. B. Wilgus, his duly-authorized agent and attorney in fact." The contract is attached as an exhibit to the complaint, and is signed: "O. W. UNDERWOOD, By A. B. WILGUS, Agent."

It appears from the evidence that the authority to sell was given to the firm of A. B. Wilgus & Bro., a partnership composed of A. B. Wilgus and E. P. Wilgus. It is claimed that, upon this state of facts, there was a failure of proof. But the material allegation of the complaint was that defendant had made this contract with plaintiff. It was not necessary to allege that it was made through an agent. It would have been enough to declare upon it generally as of the personal act of the principal. The substance of the issue was not whether defendant had made the contract through an agent, but whether he had made it at all. Hence it cannot be said that there was a failure of proof. The most that can be possibly claimed is that there was a variance between the allegation and proof, but which could not, in this case, have misled the defendant to his prejudice, and therefore is not material.

2. Defendant further contends that the authority to sell being to the firm of A. B. Wilgus & Bro., which was composed of two mem-

[1] Berry, J., was absent, and took no part in the decision of this case.

bers, this authority could only be executed by the two jointly, and not by one separately, so as to bind the principal. In support of this contention, he invokes the well-known general rule of the common law that, where an authority to do an act is conferred upon two or more agents, the act is valid to bind the principal *only* when all of them concur in doing it; the power being joint and not several. *Rollins* v. *Phelps*, 5 Minn. 373, (463.) Even where the authority is given to several agents, this rule is not so rigid and inflexible as to overcome the apparent intention of the parties to the contrary. Story, Ag. §§ 42, 43; *Hawley* v. *Keeler*, 53 N. Y. 114. But we think the rule has no application where the authority is given to a partnership as such. Each member of a partnership is the agent of the firm, and all the partners are jointly accountable for the acts of each other; and, where a person appoints a partnership as his agent, he must be deemed to have done so with reference to these rules of law. When a person delegates authority to a firm, it is an appointment of the *partnership* as his agent, and not of the individual members as his several and separate agents. Hence each partner may execute, and the act of one is the act of the firm, and in strict pursuance of the power. *Gordon* v. *Buchanan*, 5 Yerg. 71.

But it is claimed that, conceding this, he must do it in the name of the firm, and that if, as in the present case, he uses his individual name, it is not the act of the partnership, and will not bind it. The defendant seems to overlook the fact that the contract is the act of the principal and not of the agent, and that the party to be bound is the former and not the latter. Hence the important question is whether the principal's name has been signed to the contract by one having authority to do so. That in this case, A. B. Wilgus, as a member of the firm of A. B. Wilgus & Bro., had, by virtue of the authority given the firm, power to execute this contract in the name of defendant, cannot be questioned, and it is wholly immaterial whether to that name he added "by A. B. Wilgus & Bro.," or "by A. B. Wilgus," or nothing at all. An agent authorized to sign the name of his principal effectually binds him by simply fixing to the instrument the name of his principal, as if it were his personal act. The particular form of the execution is not material, if it be done in the name of

the principal, and by one having authority in fact to execute the instrument. *Berkey* v. *Judd*, 22 Minn. 287, 302; *First National Bank* v. *Loyhed*, 28 Minn. 396, (10 N. W. Rep. 421;) *Devinney* v. *Reynolds*, 1 Watts & S. 328; *Forsyth* v. *Day*, 41 Me. 382.

3. The authority to the firm was to sell for one-half cash, and the other half payable *on or before one year*. They sold for one-half cash, and the other half payable *in one year*. It is claimed that this was unauthorized, and therefore the principal not bound. The terms of the contract, as executed, so far as they affect the rights of defendant, were in legal effect the same as those authorized. By each he would be entitled to demand payment in one year, and not before. The distinction between this case and one where the facts are exactly reversed, (such as *Jackson* v. *Badger*, 35 Minn. 52; 26 N. W. Rep. 908,) will be apparent on a moment's reflection.

4. The contract contained a provision that if the title to the premises "is not good, *and cannot be made good*, this agreement shall be void," and the earnest-money refunded. Upon examination of the title, it was discovered that the land had been bid in by the state, at the tax sale of 1883, for the taxes of 1882, for the sum of $15, and the certificate of sale subsequently assigned (when does not appear) to one Billson. After waiting some time to have the defect in the title removed, and it not being done, plaintiff offered to take defendant's warranty deed, (as provided in the contract,) with the title as it was. Defendant declined to do this, claiming that, under the provision of the contract referred to, he had a right, if the title could not be made good, to declare the contract at an end. We need not determine whether or not this position is sound. Assuming that defendant's construction of the contract is correct, it is at least incumbent upon him to prove affirmatively *that the title cannot be made good*. This he has not done. He has neither proved that the notice of the expiration of redemption required by law had been given, or that the assignment to Billson was made after forfeiture to the state, so as to bring the case within *State* v. *Smith*, 36 Minn. 456, (32 N. W. Rep. 174.) Therefore, for anything that appears, the right of redemption from this tax sale still continues, and the title to the land could be made good by paying $15, and interest. We therefore think that the

evidence shows a binding contract by defendant to sell and convey, and shows no valid reason why he ought not to and cannot perform.

Order reversed.