PLEIADES E. STAUGHTON v. VERRAZANO SIMPSON and Another.[1]

August 30, 1897.

Nos. 10,563—(225).

. Accounting—Quitclaim Deed as Mortgage—Evidence.

In an action brought by plaintiff to obtain an accounting between herself
and one of the defendants, upon the ground that a certain transaction,
whereby the legal title to plaintiff's homestead became vested in said de-
fendant, was a mortgage of the premises given to secure her husband's in-
debtedness, and that said indebtedness had been fully paid, and, further,
to obtain a decree, upon the payment of such sum as might be found due
and unpaid, if anything, adjudging that defendants, husband and wife,
have no further interest in or lien upon said premises, it is *held* that the
court below erred when dismissing the case for insufficiency of the evi-
dence when plaintiff rested.

Appeal by plaintiff individually and as administratrix of the
estate of Nevill Staughton, deceased, from an order of the district
court for Winona county, Snow, J., denying her motion for a new
trial after dismissing the action when plaintiff rested. Reversed.

*Lloyd Barber*, for appellant.

*Webber & Lees*, for respondents.

COLLINS, J.[2]

When plaintiff rested the court below dismissed the case at bar.
This was clearly error, and the order denying plaintiff's motion for
a new trial must be reversed.

The undisputed facts were that in 1874 plaintiff, then a married
woman, mortgaged her homestead to one De Graff to secure her
husband's indebtedness to the amount of $3,000, the debt being
evidenced by the husband's note, bearing 12 per cent. interest.
This mortgage was foreclosed in 1876, and at the foreclosure sale
De Graff was the purchaser at and for the sum due, with costs,—
$3,611.39. Two days prior to the expiration of the year of redemp-
tion defendant V. Simpson paid to De Graff $3,864.18, the exact
sum then due, receiving from the latter a quitclaim deed of the
property. Six months afterwards the husband paid to Simpson
$232, which was a trifle more than would be due as interest at 12

---

[1] Reported in 72 N. W. 126.          [2] BUCK, J., did not sit.

per cent. upon the amount paid by the latter to De Graff. The same sum was paid to Simpson by the husband about six months later, and thereafter, at irregular intervals, up to January 12, 1894, payments were made by the husband, the total sum thus paid amounting to $6,324.25. Since the legal title of the property was vested in Simpson, he has paid taxes upon the property as the same became due, amounting, in all, to $581.27. The husband died September 10, 1895. De Graff died some years before, and in 1896 Simpson procured and placed upon record a quitclaim deed of the property from his heirs at law. The plaintiff and her husband continued to reside upon the premises down to the day of his decease, and since that time she has resided thereon, having exclusive possession. December 18, 1895, plaintiff paid to Simpson $2,500 of her own money on account of the debt. The total payments have amounted to $8,824.25.

This action was brought upon the claim that Simpson paid the money to De Graff at the request of the husband, and for his use and benefit, and for the benefit of the plaintiff; that the deed then procured, and the title thereby obtained, was simply to secure the repayment of such money to Simpson; and that, in fact, the transaction was nothing more than a loan of money to her husband, Simpson holding the legal title to the property as a mortgage upon it to secure this loan. It was alleged in the complaint that the agreement was not reduced to writing, but that it was stipulated between Simpson and plaintiff's husband that the latter should have a reasonable time within which to pay the amount so loaned, or paid out, with interest. The object of the action, according to the demand in the complaint, was to obtain an accounting as to the amount due to Simpson, which amount, if anything was due, plaintiff professed a willingness to pay, when ascertained, and upon such payment plaintiff demanded a decree adjudging that defendants have no interest in or lien upon the premises.

The answer was rather peculiar. It admitted the facts which we have stated as undisputed, including the various payments of money, but denied that any of them were made by plaintiff, or in her behalf, or by reason of any agreement ever entered into between her and defendant V. Simpson. It also alleged that all of said pay-

ments, except one of about $250, were made on and in pursuance of an agreement made and entered into between Simpson and plaintiff's husband in his own behalf, whereby, in consideration of a certain sum of money, to be paid by the husband to Simpson, the latter agreed to convey the property to the husband. This agreement defendants alleged—defendant Josephine being the wife of V. Simpson—they were willing and ready to perform. The terms of that agreement, the amount to be paid, when to be paid, and the rate of interest were not stated. The answer also contained a general denial, and an averment that plaintiff had no right or interest or title in the property.

The evident design of this pleading was to put plaintiff upon strict proof as to the nature and terms of the verbal contract made between her deceased husband and defendant V. Simpson,—not an easy task, as can well be understood.

But the facts we have referred to as undisputed, and other facts which appeared in evidence, made a case which would, in the absence of testimony to the contrary, convince the ordinary layman that, when the year of redemption was about to expire, Simpson, at the request of plaintiff's husband, obtained De Graff's interest for the purpose of giving to the husband further time in which to pay his debt, and thereby to save the homestead which had been mortgaged by the wife, not for her own debt, but to secure that of her husband. That at the end of six months the husband paid to Simpson a sum of money a little more in amount than would be due as interest at 12 per cent. on the sum paid to De Graff, and that a like payment was made six months later, would tend to establish plaintiff's contention that these payments were for interest for one year at 12 per cent. upon the money Simpson had paid out for the quitclaim deed, with necessary costs and expenses incurred in procuring and placing it upon record. It would tend to show that the husband and Simpson had entered into an arrangement, in accord with the former's duty to his wife, to pay his debt, and not that they had agreed upon a transaction whereby the husband was attempting to obtain, through the active connivance of Simpson, title to the property in himself, by paying his own debt,—a transaction which could not be carried out or consummated, as Simpson was

bound to know, for the records disclosed to him that the property belonged to the wife, and had been mortgaged to secure her hus-band's debt. The payments subsequently made during the lifetime of the husband, the letter, and the receipt all pointed in the same direction,—to the existence of an agreement between defendant V. Simpson and the husband, under the terms of which the latter was paying off his own debt, that his wife's property might be relieved of the incumbrance upon it. This would be the natural inference from the fact that the husband was for years making these pay-ments, and Simpson was receiving the money. There certainly was nothing in the transaction, as it stood in the court below, which would suggest the contract set up in the defendant's answer, name-ly, a conditional sale to the husband.

In considering the sufficiency of plaintiff's proofs, it is to be borne in mind that the husband had died before the action was brought, and that she was thereby deprived of his testimony, and that De Graff, who might have known something of the agreement, had also deceased. These facts are proper to be considered when the sufficiency of plaintiff's proofs is being examined, for under such circumstances no one could look for as convincing testimony as to the terms of the agreement as would be expected if those persons were alive.

A new trial must be had.

Order reversed.