PLEIADES E. STAUGHTON v. VERRAZANO SIMPSON and Another.

June 14, 1898.

Nos. 11,026—(128).

Interest—Oral Agreement to Pay More than 7 per cent.
    *Held,* an oral agreement to pay interest at a rate greater than 7 per cent. per annum cannot be enforced except to the extent of 7 per cent.

Doing Equity—Limitation of Rule.
    *Held,* the rule that he who seeks equity must do equity should not be so applied as to work out a result that would be against equity and good conscience.

Appeal by plaintiff from an order of the district court for Winona county, Snow, J., denying a motion for a new trial. Reversed.

*Lloyd Barber,* for appellant.

*Webber & Lees,* for respondents.

CANTY, J.[1]

This is the second appeal in this action. See 69 Minn. 314, 72 N. W. 126. After the mandate on the last appeal was filed in the court below, the case was again tried, and the court found that the quitclaim deed from De Graff to defendant was intended by all parties as a mortgage to secure the payment to defendant of the $3,864.18 paid by him to De Graff on March 28, 1877. The court further found

"That said payment last mentioned was made by said defendant, and said deed from said De Graff was taken by him in pursuance of an oral agreement or understanding between the said defendant and plaintiff's said husband that, if the latter should within a reasonable time repay to the said defendant the said sum so as aforesaid paid by the said defendant to said De Graff, with interest payable semiannually, until full payment should be made, at the rate of 12 per cent. per annum, and also all taxes which the said defendant might pay in the meantime on said premises, with interest, then upon such repayment all right, title, or claim of the defendant in or to said premises should cease and determine."

The court allowed interest at the rate of 12 per cent. per annum on all of said sum of $3,864.18 remaining unpaid from time to time, but allowed interest only at the rate of 7 per cent. per annum on the amount due for the taxes paid by defendant. On this basis the court found that there was due to defendant on November 13, 1897, the date of the findings, $2,058.77, and ordered judgment of strict foreclosure unless the same was paid. From an order denying a new trial plaintiff appeals.

Appellant contends that the trial court erred in allowing interest at the rate of 12 per cent. per annum as aforesaid. As the law stood in 1877, interest at the rate of 12 per cent. per annum was not usurious, but the statute (G. S. 1878, c. 23, § 1) provided:

"Interest for any legal indebtedness shall be at the rate of seven dollars upon one hundred dollars for a year, unless a different rate is contracted for in writing."

The court found that the contract in this case to pay 12 per cent. per annum was an oral one. Then, under the statute, it cannot be

[1] BUCK, J., absent, took no part.

enforced. Swank v. Great Northern Ry. Co., 63 Minn. 258, 65 N. W. 452.

Respondent contends that this is a case for the application of the maxim, "He who seeks equity must do equity." We cannot so hold. That rule should only be applied to cases where the result that would be worked out without its aid would be against equity and good conscience. In fact, it would be against equity and good conscience in this case to require plaintiff to pay 12 per cent. per annum, except, perhaps, for the first few years after the loan was made by defendant, in 1877. This is not a case where it is necessary to invoke the maxim in question for the purpose of preventing a forfeiture or gross injustice. Under the statute, plaintiff is entitled to recover 7 per cent. per annum,—a rate which is certainly not grossly inadequate. If defendant brought an action to foreclose his mortgage, that is all he could recover; and he should not be given such a vastly greater advantage merely because the parties are reversed, and plaintiff is attempting to redeem.

However, the sum of $232 was paid at the end of the first six months, and the same amount at the end of the first year. The receipt given by defendant for the former amount states that it is for interest to September 28, 1877, and the receipt given for the latter amount states that it is for interest to March 28, 1878. Then interest was paid at the rate of 12 per cent. for the first year, was so applied by the parties, and the court will not disturb the application thus made of the payments.

It appears from the receipts given for many of the subsequent payments that these payments were also applied by the parties to the interest. But the amount of these payments did not at any time exceed the interest at the rate of 7 per cent. per annum, except to a small amount in a few instances. But, even if these payments exceeded such rate by a considerable amount, the result would be the same, because, by allowing only 7 per cent. interest for the rest of the time, the debt had been considerably overpaid. The debt being all paid, plaintiff is entitled to judgment, and this renders it unnecessary to consider the other questions raised.

The order appealed from is therefore reversed, so far as it grants defendant any relief, and the case is remanded to the court below,

with directions to enter judgment for plaintiff on the findings of fact in conformity with this opinion.