SCHULTE *v.* CITY OF DETROIT.

1. DEEDS—GRANTEE OF BONA FIDE PURCHASER TAKES GRANTOR'S
   TITLE.

   Although a party may not himself be a *bona fide* pur-
   chaser without notice, yet, if his grantor was such pur-
   chaser, the former is entitled to all his rights, and the
   protection which the law would give him.

2. SAME.

   Where the owner of a lot by quitclaim deed conveyed a
   strip off the end to the city for an alley, which deed had
   not been recorded at the time he conveyed the entire lot
   by warranty deed to a *bona fide* purchaser, the latter's
   title took precedence over that of the city, and likewise
   his grantees' title is also superior to that of the city, ir-
   respective of whether they had notice of said unrecorded
   deed.

Appeal from Wayne; Miller (Guy A.), J.     Sub-
mitted October 20, 1927.     (Docket No. 109.)     De-
cided April 3, 1928.

Bill by Mary A. Schulte and others against the city
of Detroit and others to quiet title to land, and for
an injunction.     From a decree for plaintiffs, defend-
ants appeal.     Affirmed.

*Schmalzriedt, Frye & Granse,* for plaintiffs.

*Walter Barlow* (*Charles P. O'Neil,* of counsel), for
defendants.

FELLOWS, J.     On October 23, 1913, Michael J.
Griffin and others executed a quitclaim deed to the
city of Detroit of a strip of land 10 feet in width off
the easterly end of lot 6 of the subdivision of John

---

[1]Vendor and Purchaser, 39 Cyc. p. 1773; [2]Id., 39 Cyc. p. 1740;
13 L. R. A. (N. S.) 73, 27 R. C. L. 684, 685; 5 R. C. L. Supp. 1482.

Keal, deceased, for use for alley purposes.    On April 18, 1914, Griffin conveyed the lot in its entirety and without reservation to one Oliver E. Day, who is made a defendant in this case.    This conveyance was recorded May 5, 1914.    On June 8th following, Day entered into an agreement to convey the lot in its entirety to plaintiffs, and on June 22d executed to them a warranty deed thereof which was recorded July 9, 1914.    On the day the deed from Day to plaintiffs was delivered the deed from Griffin to the city of Detroit was recorded.    It is established beyond doubt that both Day and plaintiffs paid a full and adequate consideration for the entire lot, and it is likewise established beyond question that none of them had any knowledge of the deed to the city.    Plaintiffs made very valuable improvements on the premises and their basic value has materially increased.    On May 25, 1926, they were served with notice to remove encroachments on the 10-foot strip, said notice being given pursuant to action of common council of defendant city.    They thereupon filed this bill to restrain action by the city and its officers and to quiet title.    From a decree granting such relief, the city appeals.

As we have stated, the good faith of Day and plaintiffs is established beyond doubt.    While Day testifies that he noticed an alley at the rear of the lots, the blueprint attached to defendants' answer shows a 10-foot alley outside of lot 6, and we are satisfied that neither Day nor any of the plaintiffs ever knew or had reason to know that the city claimed any rights outside of that strip until the service of the notice in 1926.    The city regularly levied general taxes on lot 6, and all special assessments were made on the basis of plaintiffs' ownership of the entire unincumbered lot.

Plaintiffs' grantor, Day, paid full consideration for the lot, bought it without knowledge or notice of any kind that the city claimed any interest in it, and re-

corded his deed some time before the city recorded its deed.    All concede he had a perfect title as against the city.    As we view the case, the sole question for our consideration is whether his deed to plaintiffs carried such title to them.    The only notice it can be claimed plaintiffs had was constructive notice by reason of the recording of the deed to the city the day they purchased and before their deed was recorded. But we are satisfied that their rights do not rest on the question of notice to them, either actual or constructive.    If Day had a perfect title, and all seem to concede he had, it is difficult to perceive how he can be hampered in conveying to any one he sees fit such perfect title.    If he may be so hampered, his title is far from perfect and his rights of little value. Both counsel have favored us with exhaustive consideration and citation of cases from other jurisdictions, but we are satisfied our own decisions settle the question.    In *Godfroy* v. *Disbrow*, Walk. Ch. 260, it was held (quoting from the syllabus) :

"Although a party may not himself be a *bona fide* purchaser without notice, yet, if his grantor was such purchaser, the former is entitled to all his rights, and the protection which the law would give him."

And in *Shotwell* v. *Harrison*, 22 Mich. 410, it was said by Mr. Justice CHRISTIANCY, speaking for the majority of the court:

"But whether the defendant purchased with or without notice, and whether he paid any consideration or not, he would still hold the title, if Bacon, his grantor, could have held it as a purchaser in good faith and for a valuable consideration; for if Bacon was such purchaser, he had not only a right to hold it, but to dispose of it by sale or donation, or transmit it by descent, and the purchaser, donee, or heir, whatever notice he may have had, would take his title.    But if the purchaser from Bacon paid no consideration, his rights would stand exclusively upon Bacon's title, as much of it had come to him by descent.    But a

purchaser for value, though having notice of the prior unrecorded deed, would be just as clearly a purchaser in good faith within the meaning and protection of the statute, as if he had purchased without notice of it, if his grantor could have held the property as a *bona fide* purchaser, for value; since no injury is done by such a purchaser to the holder of the prior unrecorded title."

See, also, *Title & Trust Co.* v. *Jaster*, 241 Mich. 416. The rule and the reason for the rule is thus stated with a citation of numerous authorities in 27 R. C. L. p. 684:

"As a general rule, if one is entitled to protection as a *bona fide* purchaser, he may convey a good title to a subsequent purchaser irrespective of notice on the part of the latter of defects in the title; in other words, a purchaser with notice from a *bona fide* purchaser without notice succeeds to the rights of the latter and occupies the position of a *bona fide* purchaser. The reason for this is to prevent a stagnation of property, and because the first purchaser, being entitled to hold and enjoy, must be equally entitled to sell."

We are satisfied that when plaintiffs received the deed from Day they acquired the title and all the title Day had, which was a title superior to and untrammeled by any claim of defendant city.

The decree will be affirmed, with costs against defendant city.

WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN and the late Justices SNOW and BIRD took no part in this decision.