# WILLIAM E. HENSCHKE v. A. C. YOUNG AND ANOTHER.[1]

July 11, 1947.

No. 34,508.

[1]Reported in 28 N. W. (2d) 766.

*L. W. Crawhall,* for appellants.
*Arthur C. Wangaard* and *G. F. Mantz,* for respondent.

MATSON, JUSTICE.

Defendants appeal from an order denying their motion for a new trial after findings and conclusions and an order for a decree for specific performance of a contract to convey land.

Defendants, as owners of a house and lot in Minneapolis, authorized the Rerat Realty Company to advertise the property and find a purchaser. On January 10, 1946, Don Rerat, a member of the realty firm, induced plaintiff to sign an earnest money contract and to make a down payment of $1,000 in the form of a certified check. This contract was then signed and approved by defendants. The purchase price was $10,500, less the earnest money paid. Subject to performance, possession was to be delivered to plaintiff not later than February 15, 1946. The contract provided in part as follows:

"The seller shall forthwith furnish an abstract of title or Torrens certificate * * *, showing marketable title, certified to date. The buyer shall be allowed 10 days after receipt thereof for examination of said title and the making of any objections thereto, said objections to be made in writing or deemed to be waived. If any objections are so made the seller shall be allowed 90 days to make such title marketable. Pending correction of title the payments hereunder required shall be postponed, but upon correction of title and

within 10 days after written notice, the buyer shall perform this agreement according to its terms.

"*If said title is not marketable and is not made so within 90 days from the date of written objections thereto as above provided, this agreement shall be void* [additional provisions for termination omitted], * * *; but this provision shall not deprive either party of the right of enforcing the specific performance of this contract provided such contract shall not be terminated as aforesaid, * * *." (Italics supplied.)

At the time of the signing of the contract, Torrens proceedings, commenced on June 3, 1944, were still pending for the registration of title. Prior to this transaction, defendants had borrowed approximately $4,500 from one Gray and given him as security two deeds to the property, one dated October 18, 1944, and the other dated June 19, 1945. Neither of these deeds was recorded. According to findings made by the trial court, which are reasonably sustained by the evidence, plaintiff entered into the earnest money contract without having prior knowledge as to the outstanding deeds and without knowing about certain other outstanding encumbrances, inclusive of a mortgage for $3,185. Shortly after the contract was signed, Rerat told plaintiff of Gray's outstanding deeds.

No abstract or certificate of title was ever delivered by defendants to plaintiff. About three weeks to 30 days after the execution of the earnest money contract, plaintiff, having learned that it would take considerable time to complete the Torrens proceedings and clear up the defects in title, went to Rerat with the request that he be permitted to substitute his personal check for the certified check which covered the $1,000 down payment. Rerat surrendered the certified check and accepted such personal check in lieu thereof. In June 1946 plaintiff commenced this action for specific performance.

The trial court found that plaintiff had duly performed his part of said earnest money contract and that he was ready, willing, and able to pay defendants the balance of the purchase price upon receiving a deed of conveyance. The court, at the time it made its

decree, was unable to determine the validity of certain outstanding liens and encumbrances. Therefore, it was unable to determine the exact amount of the balance due on the purchase price from plaintiff to defendants, and it ordered that plaintiff deposit with the court the sum of $3,000 to pay such balance of the purchase price as should be due after the payment and satisfaction of such outstanding liens, encumbrances, and other interests as should be found valid. Any surplus in excess of said purchase price was to be refunded to plaintiff. The court further ordered defendants to complete the Torrens proceedings and to make a conveyance of the premises to plaintiff. The court retained jurisdiction of the action for the purpose of determining the validity and amount of existing liens, as well as the actual amount due by plaintiff to defendants.

■ Defendants assert that an action for specific performance does not lie because the contract by its terms had been terminated under the following provision:

"If said title is not marketable and is not made so within 90 days *from the date of written objections* thereto as above provided, this agreement shall be void * * *." (Italics supplied.)

Parties to a contract may provide for its annulment or cancellation either by subsequent valid agreement or by incorporating conditional provisions in the contract itself to accomplish the same purpose, and by so doing they may limit and determine the rights and liability of each to the other in the event of a failure of performance as stipulated. Raymond v. McKenzie, 220 Minn. 234, 19 N. W. (2d) 423. Here, however, the provisions for the voiding of the contract had never become operative. Defendants have overlooked the significance of the words "from the date of written objections." According to the findings of the trial court, which are amply sustained by the evidence, no abstract of title or Torrens certificate was ever furnished to plaintiff. Consequently, plaintiff never made, and never had occasion to make, any written objections to the title. In the absence of written objections, the 90-day period allowed defendants to make the title good never commenced to run, and therefore the clause

for the voiding of the contract for failure to make the title marketable never went into effect. The fact that an abstract of title was on file in connection with the Torrens proceedings and the fact that title registration proceedings were pending are immaterial and do not constitute a fulfillment of defendants' obligation to furnish an abstract or certificate of title. There is no competent evidence that plaintiff ever waived performance by defendants of this obligation.

There is no evidence to show that defendants have in any way been prejudiced by the substitution of plaintiff's personal check for the cashier's check originally paid to Rerat as their agent. Defendants did not at any time concern themselves about the earnest money which plaintiff paid when the contract was executed, but were satisfied to leave such money at all times with Rerat and under his control. The trial court specifically found that plaintiff had duly performed all conditions to which he was subject under the contract, and that he was ready, willing, and able to pay the balance of the purchase price. This finding is sustained by the evidence, and we cannot say that the court was in error. Necessarily, this finding involves the reasonable inference that the earnest money was paid and remained paid at all times. In other words, the personal check was good at all times. There is no evidence that plaintiff acted other than in good faith. Whatever error may have occurred in sustaining plaintiff's objection to a proposed introduction of the bank's records to determine the amount on deposit in plaintiff's checking account was error without prejudice, in view of the fact that plaintiff was ready, willing, and able to pay not only the check but the entire balance due on the purchase price. Error without prejudice is not a ground for reversal or for granting a new trial. This court will not reverse the order of a trial court, even though it is technically wrong, if substantial justice has been done and no material benefit is to be derived from a reversal. Here, the result is correct, in that defendants under the trial court's findings and order will receive what they are entitled to under the contract. Nostdal v. Morehart, 132 Minn. 351, 157 N. W. 584; 1 Dunnell, Dig. & Supp. § 416. A suit for specific performance is an appeal to the equitable jurisdiction of

the court. In administering equity, a technical forfeiture of rights under a contract, in the absence of bad faith, is not favored where a preservation of the contract through specific performance will yield to each of the parties that to which he is justly entitled. Willard v. Tayloe, 75 U. S. (Wall.) 557, 19 L. ed. 501; 49 Am. Jur., Specific Performance, § 41.

■ Defendants further contend that the court, having in mind the condition of the title at the time the order was made and the uncertainty as to the amount and validity of certain outstanding encumbrances, was without power to order defendants to convey the premises and surrender possession thereof to plaintiff. This contention is without merit. In a suit by the vendee for specific performance, the vendor may not set up as a defense his own failure or neglect to make the title marketable where he has not sustained the burden of proof of showing that he cannot make the title marketable as agreed. Deakin v. Underwood, 37 Minn. 98, 33 N. W. 318, 5 A. S. R. 827. Here, there is an absence of a showing that the title cannot be made marketable; in fact, the evidence is to the contrary.

"In actions by a vendee for the specific performance of a contract for the sale of real estate, where it appears that the vendor is unable to make a complete or perfect title, or that there is a deficiency in the quantity of land contracted to be sold, the general rule is that the vendee, if he so elects, is not only entitled to have the contract specifically performed to the extent of the vendor's ability to comply therewith by requiring him to give the best title he can or convey what he has, but he may compel the vendor to convey his defective title or deficient estate, and at the same time have a just abatement out of the purchase price for the deficiency of title, quantity, or quality of the estate to compensate for the vendor's failure to perform the contract in full." 49 Am. Jur., Specific Performance, § 105.

■ Without question, the trial court has power to enforce an order or decree to convey real estate. M. S. A. § 557.04, specifically provides that a district court has power to pass the title to real estate by a judgment, without any other act to be done on the part of defendant, when such appears to be the proper mode to carry its

judgment into effect. Stitt v. Rat Portage Lbr. Co. 96 Minn. 27, 104 N. W. 561; 49 Am. Jur., Specific Performance, § 179. In order to administer full equitable relief, it was entirely proper for the trial court to retain jurisdiction of the case and to hold it open for the purpose of enforcing its decree. Turner v. Even, 160 Minn. 238, 199 N. W. 751; Selover v. Isle Harbor Land Co. 91 Minn. 451, 98 N. W. 344; 5 Dunnell, Dig. & Supp. § 8813. The objection that the trial court is in no position to determine the validity and amount of outstanding liens and other encumbrances in order to ascertain the net balance due defendants on the purchase price has no validity. In a suit for specific performance, the court may require the commencement of an action to determine adverse claims (pursuant to M. S. A. § 559.01) against any person who claims an estate or interest in the property. In this manner the court may, if necessary, determine the nature, validity, and amount of all outstanding liens. Douglass v. Ransom, 205 Wis. 439, 237 N. W. 260.

Obviously, defendants are fully protected by the court's decree requiring plaintiff to deposit with the court the sum of $3,000 to be used to pay any balance on the purchase price which may be found due defendants over and above outstanding encumbrances. This sum, together with the $1,000 paid as earnest money, will be more than ample. According to the evidence, as well as according to defendants' own admissions, encumbrances in favor of Gray and the Hennepin Federal Savings & Loan Company alone amount to $7,685. We find nothing in the court's order requiring defendants to complete the Torrens proceedings within 30 days. All that such order requires is that "defendants shall within thirty days *take action to complete* the registration proceedings * * *." (Italics supplied.)

The order of the trial court is affirmed.

Affirmed.