WILLIAM E. HENSCHKE v. A. C. YOUNG AND OTHERS.
HARRY A. GRAY, APPELLANT.[1]

May 28, 1948.

No. 34,612.

See, 224 Minn. 339, 28 N. W. (2d) 766.

*L. W. Crawhall,* for appellant.

*Arthur C. Wangaard* and *G. F. Mantz,* for respondent.

MAGNEY, JUSTICE.

Action in unlawful detainer. From the judgment for restitution, defendant Harry A. Gray appeals.

On January 10, 1946, plaintiff entered into an earnest money contract with defendants A. C. Young and Eleanor H. Young, his wife, for the purchase of the premises here involved. Thereafter, defendants Young having refused to convey, an action for specific performance of the contract was brought by plaintiff against the Youngs. The order of the district court granting specific performance was affirmed by this court in Henschke v. Young, 224 Minn. 339, 28 N. W. (2d) 766. Plaintiff's title is based on the acquisition

[1]Reported in 32 N. W. (2d) 854.

of same from the Youngs. At the time this action was brought, defendant Gray was in possession of the premises. The Youngs were named as defendants also, but were not served and made no appearance. Gray will hereinafter be referred to as defendant.

1. Defendant at various times had loaned the Youngs money. Two warranty deeds were executed by them to defendant, one dated October 18, 1944, and the other June 19, 1945. Defendant claims that he is in legal possession of the property under these two deeds. Plaintiff's contention is that the deeds were given by the Youngs to defendant as security for money loaned, while defendant claims that they were delivered to him as absolute conveyances. Both parties, therefore, agree that the Youngs were the owners of the premises. Each claims that he acquired the title of the Youngs.

At the close of the testimony the parties entered into the following stipulation:

"It is agreed and stipulated between the parties to this action that the question shall be submitted to the jury in the following form as the only questions for consideration by the jury in this case: If you find that the deeds Defendant's Exhibit 1 and the warranty deed dated June 19, 1945, and filed August 8, 1947, were delivered to defendant Gray by the Youngs as an absolute conveyance, then your verdict shall be not guilty; if you find that the said two deeds were delivered by the Youngs to Gray as security for money loaned, then your verdict shall be guilty."

The court submitted the issue to the jury in the manner agreed upon in the stipulation. The verdict was guilty. Thus the jury found that the instruments were given as security. In Henschke v. Young, *supra,* they were also so characterized. The court there said (224 Minn. 341, 28 N. W. [2d] 768):

"* * * Prior to this transaction, defendants had borrowed approximately $4,500 from one Gray and given him as security two deeds to the property, one dated October 18, 1944, and the other dated June 19, 1945."

The parties themselves by stipulation defined the issue, and defendant can, of course, have no complaint on the manner of submission, since the court instructed the jury in line with the agreement.

2. Defendant contends, however, that the municipal court of Minneapolis has no jurisdiction to determine this matter, since the action involved title to property, or in effect trying title to property. The purpose of an unlawful detainer action is to determine the right to the present possession of property. It is not a bar to an action involving title to property. 3 Dunnell, Dig. § 3784; Wm. Weisman Holding Co. v. Miller, 152 Minn. 330, 188 N. W. 732; Keller v. Henvit, 219 Minn. 580, 18 N. W. (2d) 544.

The municipal court act of Minneapolis, Sp. L. 1889, c. 34, § 2, as amended by L. 1917, c. 407, § 2, provides in part as follows:

"There shall be established in the city of Minneapolis, in the county of Hennepin, a municipal court for the transaction of all business which may lawfully come before it. Said court shall be a court of record and shall have a clerk and a seal, and *shall have jurisdiction to hear, try, and determine civil actions at law, where the amount in controversy does not exceed the sum of one thousand dollars, excepting causes involving title to real estate. Provided, however, that said court shall have jurisdiction of actions of forcible entry and unlawful detainer whether involving the title to real estate or not."* (Italics supplied.)

Section 14 of said act as amended provides:

"* * * And said municipal court shall have jurisdiction of action of forcible entries and unlawful detainers whether involving the title to real estate or not * * *."

And in § 20 as amended we find the following provision:

"In case it shall appear from the evidence of either party upon the trial of any cause, that the title to real estate is involved in the action *except forcible entry and unlawful detainer actions,* the municipal court shall not proceed further therein, but shall transfer the action to the district court of said county, and the cause shall be

proceeded with in the court to which it shall be transferred as if originally commenced therein." (Italics supplied.)

Thus, the municipal court of Minneapolis has broader jurisdiction than most courts having jurisdiction over actions of forcible entry and unlawful detainer.

In Nellas v. Carline, 161 Minn. 157, 159, 201 N. W. 299, 300, where this same question was raised and discussed, we stated:

"It is urged that the municipal court of Minneapolis is a court of law and has no equitable jurisdiction. The Constitution does not provide expressly for municipal courts. It does, however, provide for 'such other courts, inferior to the supreme court, as the legislature may from time to time establish.' The municipal court act of Minneapolis, chapter 34, p. 598, Sp. L. 1889, as amended by section 2, chapter 407, p. 616, L. 1917, provides, among other things, as follows:

" 'Provided, however, that said court shall have jurisdiction of actions of forcible entry and unlawful detainer whether involving the title to real estate or not.'

"The defendants do not ask for affirmative equitable relief. An unlawful detainer action, as stated in Wm. Weisman Holding Co. v. Miller, 152 Minn. 330, 188 N. W. 732, 'merely determines the right to the present possession of the property. It does not determine the ultimate rights of the parties and is not a bar to an action involving the title to the property.' See also Wm. Weisman Realty Co. v. Cohen, 157 Minn. 161, 195 N. W. 898."

Judgment affirmed.

Mr. Justice Knutson, not having been a member of this court at the time of the argument, took no part in the consideration or decision of this case.