## WILLIAM E. HENSCHKE v. EDWARD CHRISTIAN AND ANOTHER.[1]

March 25, 1949.

No. 34,831.

See, 224 Minn. 339, 28 N. W. (2d) 766; 226 Minn. 339, 32 N. W. (2d) 854.

*L. W. Crawhall,* for appellants.

*Arthur C. Wangaard* and *G. F. Mantz,* for respondent.

PETERSON, JUSTICE.

Defendants appeal from the judgment entered against them pursuant to a directed verdict in an action for unlawful detainer.

[1]Reported in 36 N. W. (2d) 547.

Three questions are presented for decision:

(1) Whether a prior judgment in an unlawful detainer action for restitution of premises is *res judicata* as against the defendant's mortgagee where he acquired his rights as mortgagee prior to the commencement of the action and he was not made a party to it;

(2) Whether the rights of the vendee named in a contract for deed are prior and superior to those of a mortgagee, where at the time of executing the contract for deed the mortgagee's mortgagor was the owner under an unrecorded deed and the former owner was still in possession and the vendee had notice of the mortgagor's rights, but made no inquiry concerning them; and

(3) Whether, if the mortgagor's title was free of the vendee's claims under the contract for deed, the mortgagee's rights under the mortgage also are free therefrom.

This is the third action involving this property brought here on appeal. The prior cases are Henschke v. Young, 224 Minn. 339, 28 N. W. (2d) 766; *Id.* 226 Minn. 339, 32 N. W. (2d) 854. Defendants here were not parties in either of the actions. In the first case, plaintiff recovered judgment against A. C. Young and his wife, Eleanor, for specific performance of a contract for deed. In the second case, plaintiff recovered against Harry Gray (sometimes spelled Grey) in an unlawful detainer action judgment for restitution of the premises. The second case was commenced in August 1947, and judgment (the one claimed to be *res judicata* here) was rendered therein on September 29, 1947, and affirmed on May 28, 1948.

The parties derive their rights from A. C. Young and Eleanor Young, who remained in possession of the property until after all the deeds and the contract for deed herein mentioned had been given. Defendants are grantees of Gray, who was the immediate grantee of the Youngs. Plaintiff is the purchaser from the Youngs under a contract for deed executed after the deed from the Youngs to Gray was given, but before Gray's deed to defendants was given. In addition to the fact that the Youngs remained in possession during all this time, the deed from the Youngs to Gray was un-

recorded when the contract for deed was executed, but was recorded afterward. Apparently the deed from Gray to defendants and plaintiff's contract for deed from the Youngs were never recorded.

The Youngs executed two deeds to Gray, only the second of which, the one dated June 19, 1945, is here important. About six months afterward, January 10, 1946, plaintiff and the Youngs entered into the contract for deed. There was evidence showing that when plaintiff signed the contract for deed he had notice that Gray claimed some interest in the property and that he (plaintiff) failed to inquire concerning the matter. While plaintiff testified on cross-examination that he had no such notice, he also testified that in the specific performance action he testified that he had such notice before he signed the contract for deed and that he made no inquiry concerning Gray's alleged interest in the property. On February 23, 1946, Gray by warranty deed conveyed the property to defendants. The deed was absolute in form, but was intended as security for the payment of a loan of $4,500 at five percent interest then made to him by defendants. Because this is true, we shall treat the deed as being in fact a mortgage. (See, 4 Dunnell, Dig. & Supp. §§ 6154, 6155.) Defendants at the time of making the loan and taking Gray's deed had no notice of plaintiff's prior unrecorded contract for deed. They made inquiry concerning the validity of Gray's deeds and title, but it failed to reveal anything concerning plaintiff's contract for deed or any claims to the property by him. At the time of giving the deed, an "arrangement" was made under which defendants were entitled to take possession if Gray did not pay the loan. Gray paid the first year's interest on the loan. This was included by defendant Edward Christian as part of his income in his income tax returns.

About August 8, 1947, the Youngs delivered possession to Gray, who on October 29, 1947, delivered possession to defendants.

Meanwhile, the transactions mentioned resulted in litigation. Plaintiff brought the action against the Youngs for specific performance and obtained judgment in his favor. It was immediately after the affirmance of the judgment (Henschke v. Young, 224 Minn. 339,

28 N. W. [2d] 766), about August 8, 1947, that Gray entered into possession. At the same time he recorded the deed of June 19, 1945, by which the Youngs conveyed the property to him. Then plaintiff brought an unlawful detainer action against Gray, in which on September 29, 1947, he recovered a judgment for restitution of the premises, which we affirmed on May 28, 1948. Henschke v. Young, 226 Minn. 339, 32 N. W. (2d) 854. After judgment was entered and while the appeal was pending, on October 29, 1947, defendants took possession "pursuant to that deed [of February 23, 1946] and the arrangement * * * at the time of that deed." On July 6, 1948, plaintiff commenced the instant unlawful detainer action against defendants, and on August 9, 1948, obtained judgment of restitution. On that date this appeal was taken. During the pendency thereof, on July 13, 1948, the mortgage registry tax was paid on the deed of February 23, 1946, given by Gray to defendants.

Defendants offered to show declarations by the Youngs (while they were in possession as record owners) to the effect that their possession was in reality under their grantee, Gray, and the facts concerning the arrangement, under which defendants were entitled to take possession if Gray did not pay the debt, made at the time he gave them his deed. All this was excluded by a ruling that the judgment of restitution rendered on September 29, 1947, was *res judicata* against defendants that plaintiff was entitled to immediate possession. The theory was that, since defendants' rights were derived from Gray, the judgment against Gray was also binding upon them as Gray's privies. No claim was made that the judgment was otherwise binding upon the defendants. Because the trial court deemed the judgment *res judicata,* it directed a verdict for plaintiff. The ruling determined that plaintiff was entitled to recover, regardless of whether upon the evidence plaintiff was a purchaser in good faith; whether, if he was not, he took subject to Gray's title; and whether, aside from the preceding questions, defendants were purchasers in good faith, for the reason that they had no notice of plaintiff's claims. Judgment was entered on the verdict.

146

On the appeal, plaintiff contends that the judgment is *res judicata*, but that, if it is not, the judgment here was right as a matter of law anyway, for the reason that plaintiff is a bona fide purchaser, and as such his rights are prior and superior to those of defendants under their unrecorded deed.

■ A judgment affecting a party's title to real property binds not only the party, but also his privies. Carl v. DeToffol, 223 Minn. 24, 25 N. W. (2d) 479. Defendants were not privies of Gray, for the reason that their rights accrued prior to the commencement of the unlawful detainer action. No one is privy to a judgment whose succession to rights of property affected thereby occurred prior to the commencement of the action in which the judgment was rendered. Roberts v. Friedell, 218 Minn. 88, 15 N. W. (2d) 496; 30 Am. Jur., Judgments, § 226. The fact that defendants did not exercise their rights until after judgment was entered against Gray makes no difference. The judgment could not under the rule take away from them rights which they had prior to the commencement of the action in which it was rendered.

Because the judgment is not *res judicata* as against defendants, they are entitled to litigate again the questions litigated and decided in the prior action. Williamson v. City of Clay Center (8 Cir.) 237 F. 329.

■ Because plaintiff's testimony in the former action would sustain a finding that, when he purchased under the contract for deed, he had notice of Gray's rights and made no inquiry concerning them, the question whether he was a purchaser in good faith was one of fact for the jury. If plaintiff was not a purchaser in good faith he took subject to Gray's title. The rule laid down in our numerous cases is stated in 6 Dunnell, Dig. § 10076, as follows:

"One is not a bona fide purchaser and entitled to the protection of the recording act, though he paid a valuable consideration and did not have actual notice of a prior unrecorded conveyance from the same grantor, if he had knowledge of facts which ought to have

put him on an inquiry that would have led to a knowledge of such conveyance."

■ A title free from outstanding claims and equities may be transferred in that condition. This is the underlying principle of the rule, applied in numerous cases, that a purchaser from a bona fide purchaser succeeds to his grantor's rights as a bona fide purchaser, regardless of whether he himself is one. Schulte v. City of Detroit, 242 Mich. 152, 218 N. W. 690; Garland v. Wells, 15 Neb. 298, 18 N. W. 132; Brown v. Sheets, 197 N. C. 268, 148 S. E. 233, 63 A. L. R. 1357; Pricket v. Muck, 74 Wis. 199, 42 N. W. 256; 55 Am. Jur., Vendor and Purchaser, § 759. As it is sometimes said, once a title is cleared it remains clear. Annotation, 63 A. L. R. 1362. A mortgagee is entitled to the same protection against outstanding claims and equities as his mortgagor. See, 4 Dunnell, Dig. & Supp. § 6223. As applied here, under the rule defendants stand in Gray's shoes as his mortgagees. Since Gray's title would be free of and superior to plaintiff's contract for deed if there was a verdict or finding that plaintiff purchased with notice of Gray's rights, defendants' rights as mortgagees would also be free therefrom and superior thereto. They would succeed to Gray's rights. In such a situation, defendants' rights would be prior and superior to plaintiff's by virtue of their rights as Gray's successors in interest without regard to whether they were entitled to priority under the registry laws, upon the ground that they were mortgagees in good faith. See, Snell v. Snell, 54 Minn. 285, 55 N. W. 1131. If defendants' rights as mortgagees should be established as superior to those of plaintiff, they would be entitled to hold possession as mortgagees in possession until they should receive full satisfaction of the mortgage debt. Schmit v. Dixon, 189 Minn. 420, 249 N. W. 580. On this record, as has been pointed out, the question whether Gray's title was free of plaintiff's contract for deed was one of fact. The ruling that the former judgment was *res judicata* deprived defendants of the right to have the question so determined.

We do not pass upon the question whether, aside from what has been decided, defendants' rights as mortgagees were prior and superior to those of plaintiff upon the theory that defendants were mortgagees in good faith without notice of plaintiff's unrecorded contract for deed. We leave that question open for decision in the event it is reached upon a retrial.

Our conclusion is that the former judgment is not *res judicata;* that the answer to the question whether plaintiff is a bona fide purchaser as against defendants involves the determination of the fact question whether he purchased with notice of Gray's rights, under whom defendants claim; and that the erroneous decision that the former judgment was *res judicata* cannot be sustained here upon the theory that the result reached below was right as a matter of law.

Reversed and new trial granted.