## CITY OF SHAKOPEE v.
## KOPP & ASSOCIATES, INC., AND OTHERS.

159 N. W. (2d) 901.

June 28, 1968—No. 40,996.

*Jerome V. Blatz,* for appellant.

*Julius A. Coller II,* City Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from an order of the district court dismissing an appeal taken in condemnation proceedings.

The city of Shakopee, a municipal corporation, in proceedings authorized by its charter, acquired by condemnation the north half of Block 3 in the city of Shakopee. An award of damages was made in the amount of $35,000. An appeal from this award to the district court was taken by Kopp & Associates, Inc., as an owner of the premises on the ground that the damage caused by the taking amounted to $65,000. The city moved to dismiss this appeal contending that Kopp had no interest in

the land involved and, therefore, could not be a proper party to the appeal so as to give the district court jurisdiction or raise a justiciable controversy. Upon affidavits filed in support of and in opposition to the motion, the order from which this appeal was taken was entered.

The facts derivable from the record are these:

On January 9, 1952, Roman J. Kopp acquired title to the lots involved by warranty deed delivered pursuant to a contract dated August 24, 1946. On December 5, 1958, Roman Kopp mortgaged the lots to Ernest H. Stein, securing the principal sum of $10,406.97. On July 17, 1964, Roman J. Kopp and wife conveyed this real estate to Ernest H. Stein by warranty deed.[1] On the same day Stein mortgaged this realty to the First National Bank of Shakopee to secure a note in the principal sum of $12,000. About one week later, Stein and his wife entered into a contract for deed with Kopp & Associates, Inc., whereby they agreed to convey the land involved in these proceedings to the corporation (wholly owned by Roman J. Kopp and others) for $20,342.20, a sum approximating the amount of the mortgage in favor of the First National Bank plus the amount required to pay certain judgment liens which had accumulated against the realty.

On January 18, 1966, Ernest H. Stein executed a cancellation of the contract for deed which was served on Kopp & Associates, Inc., on January 18, 1966. An affidavit of failure to comply with the cancellation notice was executed on March 1, 1966. The documents relating to the cancellation of the contract for deed were filed in the office of the Register of Deeds of Scott County on March 2, 1966.

By affidavit, Roman J. Kopp states that the deed delivered to Stein in 1964 was solely for the purpose of securing a preexisting debt and obtaining additional moneys from the First National Bank of Shakopee; that Stein had never claimed any interest in said property other than a security interest for the amount due him until April 4, 1967, 2½ months after the Shakopee city council confirmed the assessment of damages in the amount of $35,000; that Stein extended the time of pay-

---

[1] Conveyances involving the south 40 feet are disregarded for present purposes.

ment after service of the notice of cancellation but before the time of redemption under the cancellation had expired. On the other hand, Stein avers that there exists no written or unwritten understanding or agreement with appellant whereby any interest of appellant was created or is now in existence.

If Kopp & Associates, Inc., has a legal or equitable interest in the condemnation proceedings, it is a proper party to the appeal. If it does not have such an interest, the city of Shakopee has a sufficient interest in the prompt determination of these proceedings to be entitled to a dismissal thereof. But in view of the conflicting claims of the parties as set out in the affidavits, the order of the district court dismissing the appeal without a resolution of the disputed issue of fact on the merits was erroneous.

A deed absolute in form but intended by the parties as security is regarded in equity as a mortgage. Henschke v. Christian, 228 Minn. 142, 36 N. W. (2d) 547; King v. McCarthy, 50 Minn. 222, 52 N. W. 648; Staughton v. Simpson, 69 Minn. 314, 72 N. W. 126. While dismissal is proper if the pleadings, depositions, and admissions on file together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law (Rule 56.03, Rules of Civil Procedure), all doubts and factual inferences must be resolved against the movant and in favor of the party opposing the motion. Juvland v. Plaisance, 255 Minn. 262, 96 N. W. (2d) 537. See, also, Anderson v. Mikel Drilling Co. 257 Minn. 487, 102 N. W. (2d) 293, 1 A. L. R. (3d) 605; Gagne v. Hoban, 280 Minn. 475, 159 N. W. (2d) 896.

In our opinion, the opposing affidavits presented an issue of fact on the question of whether an unconditional conveyance or a security arrangement was intended by the parties. If this issue is ultimately decided in favor of appellant, it is entitled to contest the award of damages; otherwise, it is not.

Reversed.