SOUTHGATE, INC. v. N. HERMAN ECKLIN AND ANOTHER.

207 N. W. 2d 729.

April 27, 1973—No. 43889.

*Smith, Person & Doherty* and *John R. Person,* for appellants.
*James H. Levy* and *William I. Kampf,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Kelly, JJ.

PER CURIAM.

Defendants appeal from a summary judgment determining that a tender of payment of the balance admittedly due for the purchase of real property by personal check was sufficient to avoid statutory cancellation of a contract for deed.[1] The sole issue presented by the un-

---

[1] Minn. St. 559.21 provides in part: "When default is made in the conditions of any contract for the conveyance of real estate or any interest therein, whereby the vendor has a right to terminate the same, he may do so by serving upon the purchaser, his personal representatives or assigns, either within or without the state, a notice specifying the conditions in which default has been made, and stating that such contract will terminate 30 days after the service of such notice unless prior

usual and undisputed facts is whether a personal check drawn upon an account containing sufficient funds constitutes proper tender, thereby preventing cancellation of the contract for deed previously executed between plaintiff-vendee and defendants-vendors. Because we conclude that, under the circumstances, the tender was made by a means and in a manner that would be acceptable in the ordinary course of business, we affirm.

The undisputed facts may be briefly summarized. Plaintiff and defendants had entered into a contract for deed whereby plaintiff agreed to purchase from defendants certain described stock certificates and real property located in Olmsted County. Because plaintiff admittedly failed to timely pay defendants the balance of about $64,000 in accordance with the contract for deed, plaintiff was served on March 23, 1972, with a statutory notice of cancellation specifying the amount due and owing. In subsequent correspondence dated April 18, 1972, defendants' attorney informed counsel for plaintiff by way of "suggestion" that a cashier's check for the amount owed should be tendered to fulfill the terms of the contract. Counsel for defendants also informed plaintiff's counsel that no extension of time on the 30-day statutory period would be permitted.

During the late afternoon on Friday, April 21, 1972, plaintiff, by reason of a sale of the property described in the contract to a third party, acquired sufficient funds to satisfy the balance due and owing. On Saturday, April 22, the thirtieth day of the statutory period, counsel for plaintiff offered a personal check drawn on his trust account to fulfill plaintiff's contractual obligation. Recognizing that certification was impossible because the bank wherein counsel's trust funds were deposited was then closed, plaintiff's attorney prepared a letter stating that the personal check enclosed was to be considered full payment satisfying plaintiff's contractual duties and went to the office of defendants' attorney, intending to personally deliver the check. Finding the office locked, counsel for plaintiff deposited the letter and the enclosed check in the office door's mail slot.

Defendants, refusing the acknowledge the validity of plaintiff's tender, refused to convey title to the property to plaintiff. Plaintiff then commenced this equitable action for specific performance of the contract for deed. The trial court, determining the tender sufficient, granted plaintiff relief.

---

thereto the purchaser shall comply with such conditions and pay the costs of service, together with an amount to apply on attorneys' fees actually expended or incurred * * *."

Defendants contend that a personal check is not money and that the contract could have been satisfied only by tender of a cashier's check.

In Henschke v. Young, 224 Minn. 339, 28 N. W. 2d 766 (1947), a personal check was substituted for a certified check originally delivered to satisfy the downpayment requirement of a real estate transaction. In upholding the validity of the personal check, we noted (224 Minn. 343, 28 N. W. 2d 769):

"There is no evidence to show that defendants have in any way been prejudiced by the substitution of plaintiff's personal check for the cashier's check originally paid * * *. * * * In other words, the personal check was good at all times. There is no evidence that plaintiff acted other than in good faith."

In this case also, defendants neither claim nor show how they have been prejudiced by plaintiff's tender. In addition, the record is clear that the check would have been honored and paid and that plaintiff at all times acted in good faith. Although this court has held that a check is not money,[2] defendants now urge nothing more than adherence to out-of-date technicalities which we believe often frustrated commercial transactions.

Although we find nothing improper about the demand made on behalf of defendants to have tender made in the form of a cashier's check, an extension of time reasonably necessary to procure such tender should also have been included in defendants' demand.[3]

Affirmed.

---

[2] The Laura Baker School v. Pflaum, 225 Minn. 181, 30 N. W. 2d 290 (1947).

[3] Compare Minn. St. 336.2—511(2) of the Uniform Commercial Code, referred to by the trial court, which dictates the following regarding the form of tender in sale of goods: "Tender of payment is sufficient when made by any means or in any manner current in the ordinary course of business unless the seller demands payment in legal tender and gives any extension of time reasonably necessary to procure it."